388 So.2d 1361 (1980)
Mira Alfredo FIERRO, Etc. et al., Appellants,
v.
Victor Freeman LEWIS, Etc. et al., Appellees.
No. 79-1451/T4-633.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
Ned N. Julian, Jr., Sanford, for appellants.
Phillip H. Logan, Sanford, for appellees.
COBB, Judge.
The issue presented by this appeal is whether or not a noticed hearing is required for the entry of an order of default against a party who has filed a notice of appearance in the case. See Rule 1.500(b), Florida Rules of Civil Procedure. The appellants, who did not file any responsive pleadings or motions, suffered entry of a default and a final judgment thereupon at an unnoticed hearing, which was held after service upon appellants of a copy of the appellees' motion for default. After receipt of the motion the appellants still did not file a response, but instead relied upon their interpretation of the rules that they could file such a response at any time prior to a noticed hearing on the motion. After entry of judgment, the appellants moved to set aside the default on the basis that it was entered without notice of hearing. The trial court denied the motion. We affirm.
Rule 1.500(b), Florida Rules of Civil Procedure, does not require a noticed hearing for entry of an order of default against a party who has failed to plead or otherwise *1362 defend; it requires only that a copy of the application for default be served upon a party who has filed or served a paper in the action. See Trawick, Fla. Prac. and Proc., § 25-2 (1979).
In the instant case, the appellants filed a motion to vacate on grounds of mistake and excusable neglect. The evidence adduced at the hearing on this motion shows that the reason for inaction was the interpretation of appellants' counsel that a notice of hearing in regard to the motion for default would be forthcoming, and this notice would set "the absolute deadline" for action to be taken by the appellants. That is not good cause. This record supports entry of the default by the trial judge and his refusal to set it aside.
AFFIRMED.
COWART, J., concurs.
DAUKSCH, C.J., dissents without opinion.