434 So.2d 334 (1983)
OKEECHOBEE INSURANCE AGENCY, INC., D/B/a Okeechobee Insurance Agency, a Florida Corporation, Appellant,
v.
BARNETT BANK OF PALM BEACH COUNTY, a Florida Corporation, Appellee.
No. 82-488.
District Court of Appeal of Florida, Fourth District.
June 15, 1983.
Rehearing Denied July 29, 1983.
Jerome L. Hall, Fort Lauderdale, for appellant.
Thomas A. Sheehan, III, of Moyle, Jones & Flanigan, P.A., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant, an insurance agency, appeals the denial of its motion to vacate a default judgment entered by the trial court in favor of the appellee on a counterclaim. The suit began when the insurance agency (a bank depositor) sued the appellee/bank alleging conversion of funds and other wrongdoing. The bank defended and counterclaimed for monies it alleged were owed the bank by virtue of improper actions of the depositor insurance agency. A check "kiting" scheme was alleged by the bank. Defensive motions were directed to the counterclaim by the insurance agency. Eventually, the trial court denied the agency's motion to dismiss the counterclaim and ordered that the agency answer within a certain number of days. The time provided in the order expired and one day later, on December 10, 1981, the bank served opposing counsel by mail with a motion for default on the counterclaim and a notice of hearing setting a hearing on the motion for default. The motion for default and the *335 notice of hearing were mailed to opposing counsel but were not actually received by him until after the hearing had occurred. As a result of the unnoticed hearing, the court entered a default judgment on December 18, 1981. It is undisputed that neither the motion nor the notice of hearing was received until after the hearing had already occurred. The insurance agency filed a motion to set aside the judgment under Rule of Civil Procedure 1.540. This motion to vacate was served December 28, 1981, which was exactly 10 days after the default judgment was signed by the court. The trial judge and bank counsel were located in the same city, and the attorney for the insurance agency was located in another. It was taking approximately five days for the mail to travel the distance due to the Christmas season. The trial court denied the motion to vacate the default judgment and the present interlocutory appeal results. Rule of Appellate Procedure 9.130(a)(5) authorizes such an appeal from an order on a 1.540 motion.
This case is controlled by Rule of Civil Procedure 1.500(b) which states:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default. (Emphasis added.)
We recognize the argument that Rule 1.500(b) does not require a hearing before entry of a default against a party who has filed a paper in an action. See Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980) where the court specifically held a hearing unnecessary. Frankly, we do not understand why a litigant would need to receive notice of an application for a default unless he is to be allowed to do something after receiving that notice. What kind of notice of an "application" is contemplated? Indeed what is an "application" if it is not merely a copy of the motion for default? We do not agree that defaults should be routinely entered upon ex parte applications against parties who have appeared. We hold that if notice is required then a hearing is required. Here, the notice of hearing was not timely and the default was improperly entered as a result of that unnoticed hearing. As previously stated, it appears uncontested that notice was late as to the hearing but the court treated the matter as a question of excusable neglect. The "neglect" asserted was the conduct of counsel in waiting some period of days before filing the motion to set aside the default after he learned of the hearing which had already occurred. The court concluded that counsel should have acted more promptly after learning of the late noticed hearing. Obviously, counsel should act promptly in such circumstances, but here the default judgment was signed December 18, 1981, and the motion to set aside was filed December 28, 1981. Since the default should not have been entered in any event because of the lack of notice, we conclude the 10-day delay from December 18 to December 28 was reasonable and did not constitute grounds for denial of the motion to set aside. We hold that the failure to set aside the default was an abuse of discretion particularly when viewed in light of the very active participation by the appellant in this litigation. The parties were involved in full scale discovery and there was never any question but that the complaint and the counterclaim were being actively pursued. We hereby remand for further proceedings in accordance with this opinion. We certify the conflict between this opinion and Fierro v. Lewis, supra.
REVERSED.
LETTS, C.J., and HURLEY, J., concur.

ORDER ON REHEARING
This matter has been considered on appellee's motion for rehearing. Appellee contends this court should not have concluded that the notice of hearing on the default was actually received subsequent to the hearing on the default. The appellee's *336 brief, specifically page 3 thereof, discusses the question of notice and is tantamount to an agreement by appellee as to the absence of a factual issue as to when notice was actually received. The notice was mailed from West Palm Beach on Thursday, December 10, 1981. The question is whether it was actually received by counsel in Miami prior to 8:45 on Tuesday, December 15. Having reviewed the briefs and the record herein, including the transcript of the hearing on the motion to vacate the default, we conclude that no issue was presented as to when notice was actually received of the hearing. The petition for rehearing is thus denied.