PER CURIAM.
The trial judge denied defendant’s Motion to Vacate a Default which had been entered by the court without a notice of hearing being furnished to the defendant. The only paper defendant had filed was a “notice of appearance”. A copy of the Motion for Default had been sent to the defendant pursuant to Florida Rules of Civil Procedure 1.500(b), which provides:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action he shall be served with notice of the application for default.
Although this court in Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982), criticized the practice by attorneys of filing a notice of appearance in such circumstances, we must reverse. Okeechobee Insurance Agency, Inc. v. Barnett Bank of Palm Beach *1374 County, 434 So.2d 334 (Fla. 4th DCA 1983); see also Bloom v. Palmetto Federal Savings and Loan Ass’n, 477 So.2d 48 (Fla. 4th DCA 1985). Contra Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980).
In Okeechobee, 434 So.2d at 334, this court held that implicit in the notice requirement of Rule 1.500(b) is a hearing requirement. In that case this court considered and recognized that it was in direct conflict with the opinion in Fierro, 388 So.2d at 1361.[1]
In this case the trial court perceived a contradiction between the wording in Okeechobee, and the sentiments expressed in Golnick, 423 So.2d at 1015. The trial court concluded that there had been an abuse of the rules by the defendant in this case, and that the filing of a notice of appearance for the purpose of delay should not be tolerated. The trial court was further influenced by the fact that no legal excuse was shown for the defendant’s failure to respond until two months after the default had been entered, and no meritorious defense had been tendered. It is therefore understandable that the trial judge considered he was not limited by Okeechobee in entering the default.
Although counsel for the defendant is deserving of a rebuke, and possibly other sanction if the appearance was filed for the purpose of delay, and even though counsel for the defendant received notice of the application for default and took no steps to respond for more than sixty days, Okeechobee is nevertheless controlling. Accordingly, it was incumbent upon the trial judge to require a notice of hearing before entry of the default, and to set aside any default entered contrary to that requirement.
We recognize again a conflict with Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980), and certify the following question to the supreme court:
Does Florida Rule of Civil Procedure 1.500(b) require a notice of hearing before entry of a default following filing of a notice of appearance?
The denial of the defendant’s motion to vacate the default is therefore reversed.
DELL and STONE, JJ., concur.
ANSTEAD, J., concurs specially with opinion.

. In Cohen v. Barnett Bank of South Florida, N.A., 433 So.2d 1354, 1355 (Fla. 3d DCA 1983) the conflict between these opinions was recognized, but that case was decided on other grounds.