ANSTEAD, Judge,
concurring specially.
Had we not already taken a contrary stand I would adopt the Fifth District’s view expressed in Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980), although I would not apply such rule to this case but rather adopt it prospectively so that the legal community would be on proper notice.
A party is required to respond to a summons and complaint within 20 days. In this case the defendant was served on December 31, 1985. A notice of appearance on behalf of defendant was served on January 16, 1986. This court has held that a notice of appearance does not meet the responsive pleading requirement of the rules. See Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). On January 27, 1986 an application for default was made to the court and served on the defendant, and default was entered, without a hearing by the trial court, on February 3, 1986. Subsequently, being aware of the application for default, but not the order of default, no action was taken by the defendant until April 1, 1986, a full three (3) months after service of process and over two (2) months after the application for default had been served.
While both sides could be criticized in this case, plaintiff’s counsel for not scheduling a hearing pursuant to our holding in Okeechobee Insurance Agency, Inc. v. Barnett Bank, 434 So.2d 334 (Fla. 4th DCA 1983), and defendant for filing a notice of appearance without a responsive pleading, the basic culprit is the rule or the courts’ interpretation of the rule. By requiring a hearing, and of course notice thereof, before a default may be entered, a *1375 defendant can buy free additional time to respond to a complaint by simply filing a notice of appearance. Then, when any application for default is filed the defendant is still home free so long as a responsive pleading is filed before the required hearing since the rules allow a response any time before default is entered. Of course, the hearing is then rendered moot. Fierro offers a strict and sensitive solution to this problem. In the absence of the availability of that solution the trial court should not hesitate to impose sanctions on counsel found abusing the process per our discussion in Leon Shaffer Golnick.