521 So.2d 1090 (1988)
Blaise PICCHI, Petitioner,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Respondent.
No. 70464.
Supreme Court of Florida.
March 10, 1988.
Harry Hipler, Dania, for petitioner.
Charles A. Finkel of Long and Finkel, P.A., Hallandale, for respondent.
SHAW, Justice.
We review Barnett Bank of South Florida v. Picchi, 503 So.2d 1373 (Fla. 4th DCA 1987), to answer a certified question and to resolve conflict with Fierro v. Lewis, 388 So.2d 1361 (Fla. 5th DCA 1980). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner Picchi sued respondent Barnett Bank. Service was made on 31 December 1985. Respondent's attorney did not file a responsive pleading within twenty days as required by Florida Rule of Civil Procedure 1.140(a), but instead filed a notice of appearance on 16 January 1986. Petitioner filed and served a motion for default on 27 January in accordance with Florida Rule of Civil Procedure 1.500(b). Without notice of hearing, petitioner obtained a default on 3 February. Without knowledge of the default, respondent moved to dismiss on 1 April. This motion was denied as moot and a later motion to vacate the default was also denied. On appeal, the district court reversed on the authority of Okeechobee Insurance Agency v. Barnett Bank of Palm Beach County, 434 So.2d 334 (Fla. 4th DCA 1983), holding that a notice of hearing on the motion for default was necessary. In so doing, the district court recognized that it had previously condemned the practice of filing a notice of appearance because such practice was a delaying tactic with no legitimate purpose. The district court also recognized that respondent had offered no legal excuse for failure to respond and no meritorious defense had been tendered to the complaint. The district court recognized conflict with Fierro and certified the question:
Does Florida Rule of Civil Procedure 1.500(b) require a notice of hearing before entry of a default following filing of a notice of appearance?
Barnett Bank, 503 So.2d at 1374.
We answer the certified question in the negative and approve Fierro but, for the *1091 reasons which follow, nevertheless approve the result reached here.
Rule 1.500 contains two methods of obtaining a default. Subsection (a) permits entry by the clerk if the party against whom affirmative relief is sought has failed to file or serve any paper in the action. Subsection (b) permits entry by the court upon motion if the party against whom relief is sought has failed to plead or otherwise defend, "provided that if such party has filed or served any paper in the action, he shall be served with notice of the application of default." We agree with the Fierro court that subsection (b) requires notice of the motion for default when a notice of appearance has been filed but that it does not require notice of hearing on the motion to default.
It is evident from the briefs and oral arguments and from the district court opinion that it has become the practice of some attorneys, at least in the fourth district, to abuse the rules by filing and using a notice of appearance as a delaying device. Concerning this problem, one authority has correctly summarized the law as follows:
An appearance occurs when a defendant files a paper in the action. He is then said "to appear" or "file his appearance." This must be distinguished from the paper formerly designated appearance. It was a paper that announced that the party had appeared in the action. There is no paper that can properly be filed called an appearance. It was eliminated from the rules in 1952 and statutory authority for it was repealed in 1953. If one is filed, it may be attacked by motion for default or to strike and the court should enter the default or strike the paper. Filing it without a proper motion or pleading is a violation of Rules 1.140(a) and 2.060(d) and may be unethical.

Trawick's Florida Practice and Procedure, § 8-1, Definitions (1985) (footnotes omitted, emphasis supplied). We agree and note specifically that Rule of Judicial Administration 2.060(d) specifies that the signature of an attorney on a pleading or paper constitutes a certification that the paper has good ground to support it and "is not interposed for delay." The filing of a nonresponsive "paper" to furnish record activity and avoid the provisions of rule 1.500(a) and (b) is an abuse of process.
It is apparent that the notice of appearance here was improperly interposed for delay. Respondent's counsel concedes as much but urges that this practice has become commonplace in Broward County and that we should not visit the sins of counsel on the client. The argument that others are also guilty of this abuse is supported by the lower court's previous comment that "[w]e believe this practice is used often by others, and we condemn it." Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1016 (Fla. 4th DCA 1982). What others are doing has no relevance to the individual responsibility of an attorney submitting a pleading or other paper to a court of law, and the fact that the practice is commonplace does not excuse the abuse of process.
If the impact of our ruling fell only on the attorney responsible for the abuse, we would apply Fierro to the case at hand without reservation. We do not do so only because the district court below has permitted the practice in the past and applying Fierro retroactively within the district would be unfair to the client. See Barnett Bank, 503 So.2d at 1374 (Anstead, J., specially concurring).
In summary, we adopt Fierro. In those districts where Fierro has not been the rule, our holding here will be applied prospectively so as not to injure innocent clients. We approve the result below but disapprove the rationale.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.