OWEN, WILLIAM C., Jr., Senior Judge.
On the face of the record before us we conclude that the trial court erred in denying appellants’ motion to vacate and set aside the default and final judgments entered against them.
Oxford Resources Corp. (“Oxford”) brought this suit seeking damages from appellants for breach of an automobile lease. The original complaint was filed in April 1989. Several months later, there having been no activity in the file (not even return of service on the defendants) the court scheduled a case management conference for January 19, 1990. As a result of the case management conference, attended by counsel for Oxford and by Laurence S. *113 Litow, Esquire, as attorney for defendants, the court entered its order on January 29, 1990 dismissing the cause without prejudice. A copy of that order was served by mail on Mr. Litow. That was the last pleading or notice that he had concerning the case until the latter part of June 1991 when he received notice that one of the defendants whom he represented was scheduled for a deposition in aid of execution.
In the interim, Oxford’s counsel, without ever filing or serving a motion to set aside the order of dismissal, filed a notice of hearing on such a motion. The notice certified service on the defendants (who alleged they never received such notice), but did not certify service on Mr. Litow (who was known to be counsel for the defendants). At the hearing, unattended by any of the defendants or their counsel, the court entered an order setting aside its previous order of dismissal[1]. Neither the defendants nor their counsel received a copy of that order. Shortly thereafter, Oxford’s counsel filed a motion for default pursuant to which the clerk entered a default against appellants. The following day Oxford’s counsel moved for default final judgment and filed an affidavit in support thereof. Several weeks later Oxford’s counsel moved for final judgment against the defendants pursuant to which the court entered a default final judgment in the amount of some $18,000 dollars. None of these motions, not the default judgment, nor the final judgment, nor any notice of hearing on any of these matters were served on any of the defendants or Mr. Litow, their known counsel. The judgment first came to the knowledge of the defendants some nine months later in June 1991 when Oxford attempted to execute on the judgment.
On this record it is clear that at least as early as the case management conference on January 19, 1990, Oxford’s counsel was aware that defendants were represented by Laurence S. Litow, Esquire. When service is required to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Fla. R.Civ.P. 1.080(b). Thus, a copy of Oxford’s motion to set aside order of dismissal (if such exists) and notices of the several separate hearings that plaintiff scheduled thereon, all should have been served on Mr. Litow. This is especially important in view of the defendants’ assertions that they did not receive copies individually, notwithstanding the certificate of service on the several notices indicating service on them by mail. This lack of proper notice alone would invalidate the court’s order of June 7, 1990 in which it set aside its previous order of dismissal. Furthermore, even though up to that point the defendants had not filed papers of record, Oxford’s motion for default should have been served upon defendant’s counsel since Oxford’s counsel was aware that the defendants were represented by Mr. Litow, Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813 (Fla. 1st DCA 1989), and on the authority of the cited case we hold that the default judgment entered without notice is also void. See Okeechobee Ins. Agency, Inc. v. Barnett Bank, 434 So.2d 334 (Fla. 4th DCA 1983).
We remand with instructions that the court vacate and set aside the final judgment entered September 27, 1990, the default entered June 26, 1990, and the order of June 7, 1990, the latter being without prejudice to reconsider plaintiff’s motion (if such motion exists) after proper notice and hearing.
REVERSED and REMANDED.
DELL and GUNTHER, JJ., concur.

. The order contains an interlineation granting plaintiff twenty days within which to file the appropriate motion, apparently referring to the motion to set aside order of dismissal. The record does not show that such a motion was ever filed.