PARKER, Judge.
The City of Auburndale (City) appeals the trial court’s final order which dismissed the City’s forfeiture case for failure to prosecute. We reverse because the City did not receive notice that the final judgment and final-order of forfeiture had been set aside.
In order to resolve this matter, it is important to review the sequence of events in this case set forth below.
June 10, 1990 — The City seized a Corvette from Sidney Williams.
July 23, 1990 — The City filed a Petition for Rule to Show Cause and for Final Order of Forfeiture.
September 21, 1990 — The trial court issued a Rule to Show Cause.
October 24, 1990 — The trial court rendered a Final Judgment and Final Order of Forfeiture.
November 20, 1990 — City sold Corvette pursuant to the final judgment.
December 10, 1990 — Circuit Judge Curry signed an Order setting aside final judgment and final order of forfeiture.
June 15, 1992 — Williams filed motion to dismiss.
From the record and affidavits submitted, it is undisputed that Judge Curry’s order setting aside the final judgment and final order of forfeiture was signed and filed without any notice to the parties, and *477 without a copy of the order being provided to the City. Additionally, there is no record of a hearing regarding this matter before Judge Curry’s order was entered. The attorney for the City was unaware of the order until he appeared pursuant to Williams’s motion to dismiss.
Florida Rule of Civil Procedure 1.420(e), failure to prosecute, provides for the dismissal of a civil case if no activity appears on the face of the record for a period of one year. However, the rule provides that the trial court may permit the case to remain pending if a party shows good cause in writing five days before the hearing as to why the action should remain pending. While it is questionable whether the City filed good cause in writing, we conclude that the trial court erred in dismissing this case.
Until the City arrived at the hearing on the motion to dismiss, it was unaware of Judge Curry’s order setting aside the final judgment and final order of forfeiture. The City had a right to assume that the final order of forfeiture was still the controlling document in the court file. Not only was it error for the court to enter the order without notice and hearing, but also failure to receive notice of court proceedings establishes good cause to permit a case to remain pending. Barnett Bank of South Florida, N.A, v. Picchi, 503 So.2d 1373 (Fla. 4th DCA 1987), approved, 521 So.2d 1090 (Fla.1988); Moss v. State Farm Mut. Auto. Ins. Co., 328 So.2d 495 (Fla. 4th DCA 1976).
Under the particular facts of this case, we find that the City is not required to comply with the good cause in writing requirement. In Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976), this court concluded that Florida Rule of Civil Procedure 1.420(e) does not apply once final judgment has been entered. The rationale for this conclusion is that the practical effect of a dismissal for failure to prosecute nullifies a valid judgment. Ravel, 326 So.2d at 224. In this case, the City relied on a valid final judgment and sold the car at a public auction. The City believed the matter was closed; therefore, there was no need for further record activity. The purpose of rule 1.420(e) is to move the case toward resolution. In this case the matter was resolved. It is not clear why the order setting aside was entered, or on whose motion. However, it is clear from the record that the proper car was auctioned according to the proper final order. Furthermore, Williams was given personal notice as well as public notice; therefore, he cannot claim prejudice.
Accordingly, we reverse the order dismissing the City’s forfeiture action and vacate the trial court’s order dated December 10,1990, which set aside the final judgment and final order of forfeiture.
SCHOONOVER, A.C.J., and BLUE, J., concur.