GLICKSTEIN, Judge,
concurring specially.
I, too, would reverse and remand but would also direct the trial court to consider imposing sanctions upon the defendants’ lawyer for abuse of process.
The majority opinion correctly recites that the defendants’ lawyer served the plaintiffs *1001 lawyer with a paper.[1] The appendix contains a copy of a letter the defendants’ lawyer sent to the secretary of the plaintiffs lawyer on the last day for filing a timely pleading. This letter recited the following:
November 3, 1993
John W. Case
2400 East Commercial Blvd.
Ste. 628
Ft. Lauderdale, Florida 33308
RE: Robert Jabbour vs. Hector Me-
sones and
Best Finishing Furniture Corp., a
Florida Corporation.
Case No.: 93-21223
Attn: Susan
Dear Susan:
This letter is to confirm our telephone conversation of November 3, 1993, wherein I asked you for a three (3) day extension to file an answer in the above-referenced matter. As I explained to you at that time I had received the complaint three (3) days ago. You then stated to me that you would have to speak with your client to request his permission for said extension. A few minutes later you called my office stating that your client did not wish to grant me a three (3) day extension to file an answer.
Very truly yours,
Hosey Hernandez
HH:bmp
cc: Court file
Unfortunately, however offensive, the foregoing letter is a “served paper” within the meaning of Florida Rule of Civil Procedure 1.500(b) which provides:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
(Emphasis added.)
At the present time — under the rule — the paper need not be as truly legitimate as those papers were in Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985) (attorney’s letter stating that attorney had not yet been retained but confirming an agreed extension); Crocker Investments, Inc. v. Statesman Life Ins. Co., 515 So.2d 1305 (Fla. 3d DCA 1987) (garnishee’s attorney’s timely letter, advising that his client was not in possession of the defendants’ property, in response to writ of garnishment), rev. denied, 525 So.2d 877 (Fla.1988); J.A.R., Inc. v. Universal American Realty Corp., 485 So.2d 467 (Fla. 3d DCA 1986) (tenant’s letter to landlord, styled as a defense to landlord’s complaint to terminate lease); Terino Bros. v. Airey, 364 So.2d 768 (Fla. 2d DCA 1978) (defendants’ pro se letter with a defense on the merits mailed to plaintiff); and NCR Corp. v. Cannon & Wolfe Lumber Co., 501 So.2d 157 (Fla. 1st DCA 1987) (letter drafted, signed, and mailed by paralegal of law firm acknowledging telephone conversation allowing extension).
Rather, to meet the rule, the paper need only have some aspect of legitimacy, which I interpret as being any written communication which informs the opposing lawyer, or the lawyer’s secretary, at a minimum that the sender is either representing the defendant or that an agreed extension exists. That, I believe, is the message contained in Picchi, cited by the majority, which gave legitimacy to a “Notice of Appearance,” while at the same time, saying:
The filing of a nonresponsive “paper” to furnish record activity and avoid the provisions of rule 1.500(a) and (b) is an abuse of process.
Id. 521 So.2d at 1091. By that court’s decision, one can file (or assumingly serve) any paper which reflects representation and the lawyer so filing same is entitled to be served with a copy of a motion for default filed by the plaintiffs lawyer. In this case, the plain *1002 tiffs lawyer did not serve the defendants’ lawyer with a copy of his motion for default, obtaining the default on the same day of his motion, which is why we must reverse. The defendants’ lawyer served a motion to dismiss five days later, although plainly not in compliance with Florida Rule of Civil Procedure 1.140(b).
By virtue of Picchi, the plaintiffs lawyer is not required to send the offending lawyer a notice of hearing on the motion for default, which means no hearing is necessary.[2] As I read that opinion, the court was taking the first step in dealing with lawyers, like the defendants’ lawyer here, who only file what amounts to a notice of representation.
Unfortunately, the Picchi court did not go further by requiring defendants’ lawyers, or pro se defendants, to serve or file a truly legitimate paper at the commencement of an action, i.e., something more than a notice of representation,[3] so that defense counsel and pro se defendants legitimately earned entitlement to notice of everything by their first pleading. In short, Picchi was a “Hurricane Watch,” rather than a “Hurricane Warning” to stop, once and for all, the practice illustrated by the present case, by eliminating their right to notice of a motion for default.
In the interim, I urge trial courts to consider imposing sanctions upon lawyers, such as the defendants’ lawyer here, who engage in the “abuse of process” which the paper in this case represents. Look how long the plaintiff has been unfairly delayed; and delay, itself, can result in loss of a recovery in the form of a worthless final judgment.

. Nowhere does the defendants' lawyer recite that he filed anything with the clerk prior to entiy of the default against his client.

. Picchi, sub silentio, reversed this court's holding to the contrary in Okeechobee Insurance Agency, Inc. v. Barnett Bank, 434 So.2d 334 (Fla. 4th DCA 1983).

. Not even a notice of appearance was served here; and sending a copy of the letter to the court file was surely not a filed paper.
This court’s condemnation of the misuse of a notice of appearance was voiced in Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). Examples of legitimate use of a notice of appearance include cases where a party changes lawyers or where a pro se defendant, after serving or filing a legitimate paper — as in the earlier cited cases herein — hires a lawyer.