COHEN, J.
 

 We review the denial of Appellant’s, Pierce Hardy Limited Partnership, motion to set aside and vacate a default and final default judgment. Because Appellant established excusable neglect, a meritorious defense, and due diligence, we reverse.
 

 After serving its complaint on Appellant’s in-state registered agent, Appellee, Harrison Brothers Contracting, LLC, moved for a clerk’s default exactly twenty days later based on Appellant’s failure to file any paper or pleading. Appellee sub
 
 *177
 
 sequently filed a motion for a final default judgment, accompanied by an affidavit seeking $259,846.85 in damages, some of which were unliquidated.
 
 [1]
 
 Three days before the scheduled hearing on the motion for final default judgment, Appellee served Appellant, by mail at its address in Pennsylvania, with the notice of hearing (ex parte).
 
 [2]
 
 Subsequently, the clerk entered a default.
 

 Before the clerk’s default was entered but on the same day, Appellant’s counsel contacted Appellee’s counsel by telephone three separate times to inform him of its appearance and to request an enlargement of time to respond. After this request was refused,
 
 [3]
 
 Appellant served Appellee by facsimile and FedEx with a notice of appearance, motion for enlargement of time, and related order for filing with the clerk. Despite service of these papers, Appellee obtained a final default judgment in the amount of $259,846.86 at the ex parte final default judgment hearing.
 
 [4]
 
 Two days after receiving the final default judgment, Appellant filed a verified motion to set aside and vacate the clerk’s default and final default judgment, along with an answer, affirmative defenses, and a motion to dismiss.
 

 The trial court denied Appellant’s motion to set aside and vacate, concluding that the filing of a notice of appearance and motion for enlargement of time were not appropriate responses to the complaint, citing
 
 Picchi v. Barnett Bank of South Florida, N.A.,
 
 521 So.2d 1090 (Fla.1988). However,
 
 Picchi,
 
 521 So.2d at 1091, only held that Florida Rule of Civil Procedure 1.500(b) does not require a notice of hearing on a motion for default be served when the defending party has filed only a notice of appearance. The holding in
 
 Picchi
 
 is applicable only when a party moves the trial court to enter a default pursuant to rule 1.500(b). In this case, Appellee never moved for a default under the provisions of rule 1.500(b). Instead, it obtained a clerk’s default based on Appellant’s failure to file or serve any paper or pleading as provided in rule 1.500(a). Consequently, the trial court’s reliance on
 
 Picchi
 
 was misplaced.
 

 The trial court also erred in finding that Appellant “presented no evidence establishing excusable neglect or due diligence either in the forwarding ... of the Complaint to its counsel or the timely filing of an appropriate response” to it. In making this finding, it is apparent the trial court either refused to consider or completely disregarded Appellant’s verified motion and affidavit in support.
 
 [5]
 
 Although
 
 *178
 
 the reasons for rejecting this evidence are not entirely clear, had the trial court properly considered them, it would have concluded that excusable neglect was established.
 

 The verified motion explained that Appellant’s counsel’s legal assistant contacted the clerk on June 17 to determine whether a clerk’s default had been entered. Indicating that one had not been entered, the clerk informed the legal assistant that a default would not be entered for 48 hours to allow Appellant to file a notice of appearance and motion for enlargement of time. Despite these representations, Appellant’s counsel later learned, through a docket sheet search on June 23, that the clerk had, in fact, entered a default on June 17. The affidavit indicated that Appellant’s counsel believed she had previously obtained an extension of time to respond to the complaint. However, this belief was mistaken because the extension of time was on a different case involving the same client. These facts established that Appellant’s failure to respond stemmed from reasonable misunderstandings originating from clerical errors. This was sufficient to establish excusable neglect.
 
 See Somero v. Hendry Gen. Hosp.,
 
 467 So.2d 1103, 1106 (Fla. 4th DCA 1985).
 

 Appellant also established due diligence because its verified motion to set aside and vacate was filed within two days of learning of the final default judgment. See
 
 Gables Club Marina, LLC v. Gables Condo. & Club Ass’n, Inc.,
 
 948 So.2d 21, 25 (Fla. 3d DCA 2006) (filing of verified motion to vacate eleven days after learning of the entry of the default sufficient to establish due diligence). The affirmative defenses that accompanied Appellant’s verified motion to vacate and set aside established a meritorious defense.
 
 See Cedar Mountain Estates, LLC v. Loan One, LLC,
 
 4 So.3d 15, 17 (Fla. 5th DCA 2009). Consequently, the trial court abused its discretion in denying Appellant’s motion.
 
 [6]
 

 Accordingly, we reverse the order denying the motion to vacate the default and final default judgment, vacate the default and final default judgment, and remand for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 

 GRIFFIN and LAWSON, JJ., concur.
 

 [1]
 

 . Because Appellee had yet to obtain the clerk’s default, the motion for final default judgment left the date of the clerk’s default blank.
 

 [2]
 

 . Serving Appellant in this manner effectively insured Appellant would not receive timely notice of the hearing.
 

 [3]
 

 . Significantly, at no time during the telephone conversations did Appellee’s counsel inform Appellant's counsel of the pending final default judgment hearing scheduled two days later.
 

 [4]
 

 . A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. Protection of this right is provided by Florida Rules of Civil Procedure 1.080(h)(1) and 1.440(c).
 
 See Bowman v. Kingsland Dev., Inc.,
 
 432 So.2d 660, 663 (Fla. 5th DCA 1983). In this case, Appellee sought damages exceeding the fixed contract price caused by delays attributable to Appellant’s failure to provide adequate plans and specifications, and failure to properly supervise and manage work by other sub-contractors.
 

 [5]
 

 .It is possible the trial court refused to consider the verified motion based on Appellee’s objection that it contained inadmissible hearsay. However, the verified motion was based
 
 *178
 
 on personal knowledge and sufficed to satisfy the requirement that defendant set forth facts by affidavit or other sworn statement explaining the mistake or inadvertence. See
 
 Gibraltar
 
 Serv.
 
 Corp. v. Lone & Assocs., Inc.,
 
 488 So.2d 582, 584 (Fla. 4th DCA 1986).
 

 [6]
 

 . We further note that Appellee's tactics were clearly designed to obtain a default in order to avoid a determination of the merits of the case. Specifically, Appellee prematurely certified that Appellant failed to file or serve any paper or pleading, failed to timely notice opposing counsel of the hearing date, and allowed the trial court to
 
 erroneously
 
 conclude at the final default judgment hearing that the clerk's default was properly entered.