LETTS, Chief Judge.
This case involves the use of verdict forms which, to say the least, were very poorly drafted. We have no difficulty affirming the amount of damages arrived at from the first form, but the forms admittedly are confusing when it comes to who is liable for payment. Nonetheless, we affirm.
Certain things, however, are clear. The jury verdict awarded $2,700 to the appellant, but found her deceased son 60% negligent. The facts and the record clearly support such a result. The situation, on the one hand, boils down to an appellant who is dissatisfied with the amount of the verdict trying understandably to obtain a new trial claiming that the verdict forms were confusing about who was to pay her.[1] On the other hand, all those who are responsible to pay her have not complained about the confusion, also no doubt because of the amount awarded. They have not cross appealed and one of them is ready to pay in full.
If we had to, we might find the above sufficient in and of themselves to affirm this cause, but there is more. The very verdict forms complained of were not only used without objection, but discussion in the record reveals they were specifically agreed to by the appellant. Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981).
*216 As a consequence we affirm the lower court’s judgment and remand only for the purpose of having the trial court correct its order of April 30, 1981 in which it obviously inadvertently transposed the names of the two appellees.
AFFIRMED.
DOWNEY and BERANEK, JJ., concur.

. Of course, she also claims the verdict amount is confusing but we do not agree with that.