568 So.2d 73 (1990)
HORIZON LEASING, A DIVISION OF HORIZON FINANCIAL, F.A., a Pennsylvania Corporation, Appellant,
v.
Robert G. LEEFMANS, Carway, Inc., a Florida Corporation, International Leasing Services, Inc., a Pennsylvania Corporation, and Jack Decker, Individually, Appellees.
INTERNATIONAL LEASING SERVICES, INC., a Pennsylvania Corporation, Appellant,
v.
Robert G. LEEFMANS, Carway, Inc., a Florida Corporation, Horizon Leasing, a Division of Horizon Financial, P.A., a Pennsylvania Corporation, and Jack Decker, Individually, Appellees.
Nos. 88-2228, 89-0099, 88-2269 and 89-0090.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
Rehearing Denied November 5, 1990.
*74 Richard Ovelmen of Baker & McKenzie, Miami, and David L. Braverman of Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Philadelphia, Pa., for Horizon Leasing.
Martin J. Sperry and Ronald F. Shapiro of Sperry and Shapiro, P.A., and Gary M. Farmer of Gary M. Farmer, P.A., for Robert G. Leefmans.
Jane L. Cornett of Wackeen, Cornett & Googe, P.A., Stuart, for International Leasing Services, Inc.
POLEN, Judge.
In this opinion, we sua sponte consolidate these four related appeals stemming from the execution of a closed end motor vehicle lease agreement. We affirm as to all appeals and deny the motion to strike the judgment for punitive damages or alternatively remand for relief from judgment.

The Lease Agreement
Leefmans, the lessee, Carway, the dealer and International Leasing Services, Inc. (International), the lessor, entered into a closed-end motor vehicle lease agreement. Leefmans took delivery of a Nissan subject to the terms of the agreement which stated there was no purchase option and no trade-in vehicles would be permitted. Pursuant to International's contractual agreement with Horizon Leasing (Horizon), International submitted leases to Horizon for purchase. Upon purchase, Horizon became the assignee of the lease. Horizon did not accept leases involving trade-ins. Carway completed the lease agreement forms and forwarded them to International for processing. The agreement and other paper-work executed represented that the dealer (Carway/International) intended to assign the lease to Horizon and for purposes of the Federal Consumers Leasing Act, the dealer and Horizon were the lessors.

The Trade-In
Carway apparently agreed to pay off the remaining balance on Leefmans' Trans Am and increased the amount to be financed under the subject Nissan lease to cover the additional amounts. GMAC subsequently notified Leefmans that the balance on the Trans Am loan had not been paid off and he was in default. After Leefmans got little response from Carway he called Horizon. Horizon was unable to convince Carway to settle with Leefmans.
Leefmans hired an investigator who located and obtained possession of the now damaged Trans Am for Leefmans. Carway then, unbeknownst to Horizon, repossessed the Nissan. Leefmans reported the theft to Horizon, who notified International, who then satisfied the indebtedness remaining under the agreement to Horizon and notified Leefmans of such. Leefmans subsequently turned over the Trans Am to Carway for repairs. Carway did not return either vehicle to Leefmans and this lawsuit commenced.

The Trial
Prior to a jury trial, the court denied International's motion to set aside a default it had previously entered against International. Leefmans moved for and was granted a directed verdict on fraud, conversion and civil theft counts against Carway, who failed to show up for the trial. The case was submitted to the jury as to Carway and International on the issue of damages for fraud, conversion and civil theft and as to Horizon on the issues of liability and damages. Final judgment was entered finding both International and Horizon vicariously liable for compensatory and punitive damages and awarding attorney's fees.
As to the final judgment, Horizon alleges error in four areas. We find unpersuasive Horizon's initial allegation of error in the use of a special verdict form, as Horizon agreed to the form and stipulated to the jury instructions, thereby waiving the matter. Thomas v. Fowler, 414 So.2d 215 (Fla. *75 4th DCA 1982); Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981). Therefore, only if there were fundamental error or constitutional error would this assignment of error be reviewable. McDonough Power Equipment, Inc. v. Brown, 486 So.2d 609, 610 (Fla. 4th DCA 1986); Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988). Our review of the record indicates neither fundamental nor constitutional error occurred.
Horizon next argues there was insufficient evidence of either actual or apparent agency as to Horizon to support the jury's finding of such. The issue of agency is uniquely a question of fact for the jury to decide. Orlando Executive Park v. Robbins, 433 So.2d 491 (Fla. 1983). Where there exists any evidence from which a jury could conclude that the acts in question were committed by an agent within the scope of his employment, the questions of agency and scope are to be resolved by the jury. McEvoy v. Union Oil Co., 552 So.2d 1169 (Fla. 3d DCA 1989). We find sufficient facts in the record to support the jury's finding of the existence of an agency relationship.
We also find unpersuasive Horizon's contention that it should not be held vicariously liable for punitive damages. In affirming the concept of vicarious liability for punitive damages, the Mercury Motors court held that before an employer can be vicariously liable for punitive damages there must be some independent fault alleged on his part. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). Although the conduct of the employee upon which the vicarious liability is based must be wanton and willful, it is sufficient that the plaintiff allege and prove "some fault" on the part of the employer which forseeably contributed to the injury. U.S. Concrete Pipe Company v. Bould, 437 So.2d 1061 (Fla. 1983); Lohr v. Byrd, 522 So.2d 845 (Fla. 1988); Celotex Corporation v. Pickett, 490 So.2d 35 (Fla. 1986); Pier 66 Company v. Poulos, 542 So.2d 377 (Fla. 4th DCA 1989); Jeep Corporation v. Walker, 528 So.2d 1203 (Fla. 4th DCA 1988).
Here, evidence was presented that International, as well as Horizon, may have known of Carway's "bad reputation" and nevertheless continued to deal with and approve leases originated by Carway and advise Leefmans to continue to deal with Carway. This conduct served to give Carway the indicia of respectability and trustworthiness and ratified Carway's actions. Whether acting either as the successor-lessor (assignee), as a joint lessor or through an agency relationship, this "negligent behavior" supports the jury's finding of vicarious liability.
Horizon also seeks review of the amount of the punitive damage award. The jury awarded $11,991.15 compensatory damages and $600,000 punitive damages. Horizon's initial contention that punitive damages fall within the purview of the excessive fines clause has recently been decided in the negative as to awards of punitive damages in cases between private parties. Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. ___, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). In determining the amount of an award of punitive damages, the jury examines the enormity of the offense and the degree or extent of the finances available to the party against whom the damages are assessed. Arab Termite & Pest Control v. Jenkins, 409 So.2d 1039 (Fla. 1982). A proportional relationship between the amount of compensatory and punitive damages awarded is not necessary. In fact, a plaintiff can recover punitive damages where the fact finder has found a breach of duty but no compensatory or actual damages have been proven. Ault v. Lohr, 538 So.2d 454, 456 (Fla. 1989). We find the jury properly weighed these considerations and by neglecting to argue lack of standards in the jury instruction or jury bias and merely contesting the amount of the award, Horizon failed to preserve any due process argument regarding the award which we affirm. See Browning-Ferris, 492 U.S. at ___, 109 S.Ct. at 2921, 106 L.Ed.2d at 239.
Horizon also alleges four areas of error in awarding attorney's fees: the punitive damages award precluded awarding attorney's *76 fees, the method of calculation of the fee, the failure to apportion the award and inadequate documentation of hours expended. We find no error in the trial court's calculations and affirm the award based on Barbe v. Villeneuve, 505 So.2d 1331 (Fla. 1987); Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Perez-Borroto v. Brea, 544 So.2d 1022 (Fla. 1989); Horn v. Corkland Corp., 518 So.2d 418, 421 (Fla. 2d DCA 1988); City of Miami v. Harris, 490 So.2d 69 (Fla. 3d DCA 1986), cert. denied, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987); Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981) (on rehearing); and Glades, Inc. v. Glades Country Club Apartments Ass'n. Inc., 534 So.2d 723 (Fla. 2d DCA 1988).
International claims error in the trial court's failure to set aside the default. A default will be set aside upon a showing of excusable neglect, a meritorious defense, and due diligence. Rosenblatt v. Rosenblatt, 528 So.2d 74 (Fla. 4th DCA 1988); Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); Fla.R.Civ.P. 1.500. We find an absence of excusable neglect and a failure to exercise due diligence. See Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985); Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978); Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989). While we would prefer to see a matter settled on the merits and adhere to a liberal policy regarding defaults, there are times, such as this, when a default should not be vacated. We also affirm the award of attorney's fees.
We deny Horizon's motion to strike the judgment for punitive damages or alternately remand to the trial court for relief from judgment. While federal thrift insolvency law may bar a claim for punitive damages against an agency of the federal government, it has no effect on a judgment against a judgment debtor whose interests have later been succeeded to by an agency of the United States. Here the judgment was against the savings and loan, prior to its being declared insolvent and being placed in a conservatorship by the Federal Home Loan Bank Board with an instrument of the federal government (RTC) becoming the conservator. The doctrine of sovereign immunity does not apply in this situation. Olney Savings & Loan Association v. Trinity Banc Savings Association, 885 F.2d 266 (5th Cir.1989); W.W. Gay Mechanical Contractor, Inc., v. Wharfside Two, LTD., 545 So.2d 1348 (Fla. 1989).
WALDEN, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part.
I concur in the majority opinion except that I do not believe the evidence was sufficient to justify an award of punitive damages against Horizon. In essence, the appellee Leefmans claimed and proved that Carway stole two (2) vehicles from him. While there is some evidence that Horizon could have been more careful in its lease transactions, I find no evidence in the record of any "fault" on the part of Horizon that "foreseeably contributed to the injury." The "injury" here, of course, being the theft of the two (2) cars by Carway.