621 So.2d 691 (1993)
WILDWOOD PROPERTIES, INC., Robert F. Parker, and McDonough & Associates, Inc., Appellants,
v.
ARCHER OF VERO BEACH, INC., Appellee.
Nos. 91-1944, 92-0086.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
Rehearing and/or Clarification and Rehearing Denied August 16, 1993.
Harold G. Melville, Melville & Fowler, P.A., Fort Pierce, for appellants.
*692 F. Lee Bailey and David M. Schultz, Bailey, Fishman, Freeman & Ferrin, West Palm Beach, for appellee.
Rehearing and/or Clarification and Rehearing En Banc Denied August 16, 1993.
WARNER, Judge.
This case comes to us from a final judgment of damages entered in favor of appellee after appellant's pleadings were stricken and a default entered against appellant in this construction lien litigation. We affirm in part and reverse in part.
The appellee sued appellants to dissolve a partnership. Appellant sued to foreclose a construction lien on partnership property which was consolidated into the appellee's action. There are a multitude of facts regarding discovery problems involved, but most of them are not essential to the simple point requiring reversal of the order striking appellant's pleadings and the subsequent final judgment for damages entered thereafter. The facts reveal that after appellant Parker failed to appear at a continued deposition on May 9, 1991, the appellee's attorney told appellant's attorney, who had already moved to withdraw, that he would be filing a motion to strike the pleadings of Parker. Nevertheless, appellee's attorney did not file the motion until he appeared in court on a previously set motion for summary judgment on May 20, 1991. After arguing the motion for summary judgment, appellee's attorney presented the motion to strike pleadings to the court. Appellant's attorney, who himself had noticed his motion to withdraw, objected to the motion and informed the court that he had not notified Parker of the motion because he had just received it on the date of the hearing. The court reserved ruling on the motion to strike but granted appellant's attorney's motion to withdraw.
About twenty days later, on June 7, 1991, the court entered an order striking appellant's pleadings. When appellant learned of the order, he sent a mailgram to the trial court informing him of his inability to have attended the May 20, 1991, hearing due to serious injuries received on May 19, 1991, as well as his lack of notice as to the motion to strike. Several requests for the continuance of the trial on damages were made and denied. A final judgment was entered awarding damages to appellee. Appellant claims error in the granting of the summary judgment on the construction lien foreclosure action, the order striking appellant's pleadings, and the denial of the motion to continue the trial on damages.
We are compelled to reverse the judgment in favor of appellee as it was predicated on the order striking appellant's pleadings which was entered without notice to appellant Parker. A party to be sanctioned for discovery violations must first be given notice and an opportunity to be heard and offer mitigating or extenuating evidence as to why discovery did not take place. Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1982). Failure to give adequate notice and opportunity to be heard constitutes a violation of due process. Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987). No notice was given to appellant of the hearing on the motion to strike. Appellant's attorney's objection to the motion and announcement that he had not informed appellant of the motion because of its late filing is sufficient to preserve this point for review.[1]
Because we reverse the order striking the pleadings, the final judgment of damages must necessarily be reversed also. Thus, we do not address the issue relating to the continuance of the trial.
As to the granting of summary judgment on appellant's lien foreclosure against appellee, we affirm because the grounds now raised were not brought to the attention of the trial court in opposition to the summary judgment. See Cosid, Inc. v. Bay Steel Products Co., 288 So.2d 277 (Fla. 4th DCA 1974) (argument regarding *693 the propriety of raising of affirmative defenses by way of summary judgment motion not properly before the court as no objection had been made at the trial court); Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980) (failure to object to evidence below precludes appellate review of propriety of its admission).
Affirmed in part; reversed in part and remanded for further proceedings.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] The other motions scheduled for that day did not require the personal presence of appellant so that appellant's knowledge of the hearing on the motion for summary judgment would not have alerted him to the necessity of being present. Furthermore, we do not deem notice on the day of the hearing to appellant's attorney who is seeking to withdraw from representing appellant at that same hearing as notice adequate to comport with due process.