626 So.2d 1046 (1993)
Fred ZEIGLER, III, Appellant,
v.
Dennis J. HUSTON, Appellee.
No. 93-1940.
District Court of Appeal of Florida, Fourth District.
November 10, 1993.
*1047 Daniel S. Rosenbaum and H. Paul Korones of Becker & Poliakoff, P.A., West Palm Beach, for appellant.
Dennis J. Huston, pro se.
PARIENTE, Judge.
This is an appeal from the trial court's order granting appellant's motion to vacate the final default judgment, but denying appellant's simultaneously filed motion to vacate default. Because appellant never received notice of the court's intention to enter a default, we reverse.
In April, 1989, appellee filed suit against appellant and various other defendants, including Freedom Travel Network, Inc., and its president, Lynn Dunn. Appellant was employed as vice-president of Freedom Travel, and the company agreed to handle his defense of the case with common defense counsel. On December 1, 1989, appellant left his employment at Freedom Travel. On March 13, 1990, he moved to Pennsylvania, where he has lived since that time.
Apparently, there was no record activity in the case from May, 1990 until January, 1991.[1] On January 2, 1991, the court sua sponte set a status conference, and a copy of the order setting the conference was sent to appellant, but only to the Florida address of his former office.[2] The status conference was reset by a sua sponte order filed February 8, 1991, but no copy of the order was sent to appellant at any address.
On February 29, 1991, the court held its sua sponte rescheduled status conference, and when appellant did not appear, the court issued an order to show cause why sanctions and a default should not be entered against him. However, the order to show cause was not sent to appellant. When appellant did not appear at the show cause hearing, having received no notice of the hearing, the trial court entered a default against him for his "willful and deliberate disregard of this court's prior orders." The order entering default, dated March 29, 1991, was also not sent to appellant.
Appellee then proceeded to take steps to obtain a final default judgment against appellant in the amount of $2,832,250.00. Upon learning of the judgment in February, 1993, appellant promptly hired counsel who then immediately filed a motion to vacate the default and final default judgment.
After a hearing on the motion, the trial court entered an order vacating the final default judgment on the ground that no notice of the trial on damages had been sent to appellant. The trial court refused to vacate the default, finding that although appellee had conceded that the defenses raised in the motion to vacate, if proved, would be meritorious, appellant had failed to demonstrate excusable neglect and due diligence. However, this standard of review applies only when setting aside a default entered pursuant to rule 1.500(b). Horizon Leasing v. Leefmans, 568 So.2d 73, 76 (Fla. 4th DCA 1990); Rosenblatt v. Rosenblatt, 528 So.2d 74 (Fla. 4th DCA 1988).[3]
In this case, the trial court's order entering default states the default was entered for appellant's willful and deliberate disregard of the trial court's prior orders. Thus, the trial court was exercising its authority under rule 1.200(c) and not under rule 1.500(b). A finding that the party's conduct was willful and contumacious is necessary for entering a default under rule 1.200(c). See *1048 Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993); Carazo v. Status Shipping, Ltd., 613 So.2d 1329 (Fla. 2d DCA 1992). It is difficult to conceive how a finding of willfulness or deliberate and contumacious disregard of the court's authority can be made when that party is without notice of the court orders requiring his presence.
Under either rule 1.200(c) or 1.500(b), it is fundamental that in order to properly enter a default after a party has appeared, notice of the intention to enter a default must be served on the party.[4]See Clearvalle, Inc. v. Cohen, 561 So.2d 1354 (Fla. 4th DCA 1990) (a default, imposed as a sanction for failure to appear at docket call, was reversed on the ground that the party did not have notice of the default as required by rule 1.500); Okeechobee Ins. Agency, Inc. v. Barnett Bank of Palm Beach County, 434 So.2d 334 (Fla. 4th DCA 1983) (rule 1.500(b) requires notice and a hearing before entry of default against a party who has filed a paper in the action); Bermuda Atlantic Line, Ltd. v. Florida East Coast Railway, 622 So.2d 489 (Fla. 1st DCA 1993) (default entered when party failed to appear at pretrial conference was error since party had no notice of application for default). See also Bloom v. Palmetto Fed. Sav. & Loan Ass'n, 477 So.2d 48 (Fla. 4th DCA 1985); Barry v. Barry, 324 So.2d 644 (Fla. 4th DCA 1976).
Failure to give adequate notice and opportunity to be heard constitutes a violation of due process. See Wildwood Properties, Inc. v. Archer of Vero Beach, Inc., 621 So.2d 691 (Fla. 4th DCA 1993). Since appellant was never sent notice of the February 29, 1991 status conference, the show cause hearing, or the default, the motion to vacate default should have been granted.
Accordingly, we reverse and remand with instructions to vacate the default.
GLICKSTEIN and FARMER, JJ., concur.
NOTES
[1] Defense counsel withdrew from the case in May, 1990.
[2] The trial court was not informed that appellant had moved to Pennsylvania, although it is undisputed appellee knew of appellant's whereabouts. On January 19, 1991, appellee sent a letter to appellant at his Pennsylvania address, stating he would communicate with appellant directly unless appellant had new counsel.
[3] We note, in any event, that the diligence which must be shown by a movant in connection with a motion to vacate, is the due diligence demonstrated in seeking relief after learning that a default has been entered, not in keeping abreast of the litigation prior to entry of a default as the trial court concluded. See Moore v. Powell, 480 So.2d 137, 139 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1333 (Fla. 1986). Assuming that standard to be applicable, the factual circumstances here demonstrate both due diligence and excusable neglect on the part of appellant and less than forthright conduct on the part of appellee.
[4] In this case, the appellant had filed a motion to dismiss the complaint, which was granted, and thus had appeared. Although the record before this court does not indicate what subsequent pleadings were filed by or against the appellant, ultimately, the trial court dismissed appellee's sixth amended complaint with prejudice.