ROTHENBERG, J.
 

 The defendants, Brivis Enterprises, Inc. (“Brivis”) and OllieRogers Too, Inc. (“Ol-lieRogers”), appeal the denial of their second amended motion to set aside default, following a trial on damages and entry of a final judgment. We affirm.
 

 On May 5, 2006, the plaintiff, Teresita Von Plinski, etc., filed a wrongful death action against OllieRogers and Brivis, whose principal and registered agent is Roger Farrell. After several failed attempts at serving the summons and complaint at the registered office, on May 26, 2006, the process server delivered the summons and complaint to the business address of the two corporate defendants, leaving the documents with an employee. On June 28, 2006, the plaintiff filed a motion for default, and on July 19, 2006, the clerk of the court entered a default against the defendants.
 

 On July 24, 2006, the defendants filed an answer and affirmative defenses. The following day, the plaintiffs counsel notified defendants’ counsel that a default had
 
 *1209
 
 been entered, and requested that defendants’ counsel contact him to discuss the matter. After not hearing from defendants’ counsel, on August 7, 2006, plaintiffs counsel once again wrote the defendants’ counsel, offering to discuss the case with him.
 

 On August 11, 2006, the defendants moved to set aside the default on the basis of excusable neglect, and in support, submitted Farrell’s affidavit, averring that the summons and complaint were served on his son at the registered office, which happens to be Farrell’s home, but that his son did not tell him of the delivery until July 15, 2006. On January 17, 2007, the defendants filed a second amended motion to set aside default, stating that the process server served both defendants at their business, by leaving the summons and complaint with an individual who is an employee of OllieRogers, but not of Brivis. In support of the second amended motion, the defendants submitted Farrell’s revised affidavit, averring that the complaint was served on an employee of OllieRogers.
 

 On March 26, 2007, the trial court conducted an evidentiary hearing on the defendants’ second amended motion to set aside default. At the evidentiary hearing, Farrell testified that he was in Port St. Lucie when the complaint and summons were served on May 26, 2006;
 
 [1]
 
 he was hospitalized in Port St. Lucie until May 29, 2006; the employee did not tell him that a complaint and summons had been delivered; about seven weeks after the complaint and summons were served, he found it on a “work table” under a pile of mail, and he immediately contacted his attorney; he had not been in St. Vincent recently; when he signed the first affidavit, he thought that the affidavit pertained to a different lawsuit; and he failed to answer the complaint due to his illness.
 

 The trial court denied the defendants’ second amended motion to set aside default and to quash service of process, finding that Farrell’s testimony was “unworthy of belief.” Brivis appealed the denial of the motion to quash service, and this Court affirmed.
 
 Brivis Enters., Inc. v. Von Plinski,
 
 976 So.2d 1244 (Fla. 3d DCA 2008).
 

 Following a trial on damages, final judgment was entered in favor of the plaintiff. The defendants’ appeal follows.
 

 We review the trial court’s denial of the second amended motion to vacate default under an abuse of discretion standard.
 
 See Viets v. Am. Recruiters Enters.,
 
 922 So.2d 1090, 1095 (Fla. 4th DCA 2006);
 
 Finkel Outdoor Prods., Inc. v. Lasky,
 
 529 So.2d 317, 318 (Fla. 2d DCA 1988) (citing
 
 N. Shore Hosp., Inc. v. Barber,
 
 143 So.2d 849 (Fla.1962)) (“A mere abuse of discretion is sufficient to warrant reversal of a trial judge’s refusal to vacate an interlocutory order of default as opposed to a gross abuse of discretion needed to reverse a refusal to vacate a default
 
 judgment.”).
 
 Under the circumstances of this case, we conclude that the trial court did not abuse its discretion by denying the defendants’ motion to set aside default where the trial court specifically found that Farrell’s testimony was “unworthy of belief,” and the record supports this finding. Moreover, at best, the record, including Farrell’s testimony, indicates that the defendants were guilty of gross neglect, not excusable neglect, and therefore, the trial court did not abuse its discretion by denying the motion to set aside default.
 
 See Otero v. Gov’t Employees Ins. Co.,
 
 606 So.2d 443, 444 (Fla. 2d DCA 1992) (holding that in allowing default to occur, “gross neglect cannot
 
 *1210
 
 constitute excusable neglect”). Accordingly, we affirm the order under review. Affirmed.
 

 [1]
 

 . Farrell’s testimony at the evidentiary hearing contradicted his testimony during a deposition in which he testified that he was in St. Vincent when the complaint and summons were served.