WALLIS, J.
Petitioner, D.L., a child, requests a writ of habeas corpus, challenging his continued secure pretrial detention. D.L. alleges that the trial court improperly scored his Risk Assessment Instrument (“RAI”) by double-scoring his possession of a firearm and by failing to address whether an unrelated felony charge was currently pending against him. We grant D.L.’s petition as to the double-scoring and remand to the trial court for further proceedings to determine whether the unrelated felony charge is currently pending.
D.L. was charged with aggravated assault with a deadly weapon in violation of section 784.021(l)(a), Florida Statutes (2014). He received 16 points — which mandated that he be placed in secure detention — on the RAI, as follows: ten points for the aggravated assault charge, a “third-degree felony involving the use or possession of a firearm”; two points for an unrelated pending felony charge, the grand theft of a motor vehicle; one point for a prior felony adjudication; and three points for a “Mandatory Aggravating Circumstance: illegal possession of a firearm” arising from the aggravated assault charge. At a hearing, D.L. argued that the RAI improperly double-scored his possession of a firearm by adding three points for the aggravating circumstance in addition to ten points for the third-degree felony charge. D.L. also argued that the two points for the grand theft charge were improper because he was never arrested or charged with that offense and because the alleged victim, D.L.’s mother, filed a declination of prosecution.
The trial court ruled that the three points added for D.L.’s illegal possession of a firearm were appropriate by attempting to distinguish this court’s opinion in D.P. v. State, 8 So.3d 1208 (Fla. 5th DCA 2009). D.P. involved a minor who received ten points on his RAI for a third-degree felony involving the use and possession of a firearm, to wit, carrying a concealed *655 firearm, and three points for the aggravating circumstance of illegally possessing a firearm. Id. at 1203. In D.P., this court held that firearm possession, which was factored into an RAI under the “third-degree felony involving the use and possession of a firearm” category, “could not be used again without impermissibly double scoring the same conduct already accounted for in the RAI.” Id. at 1204. The trial court noted that firearm possession was integral to the charge against D.P. In the attempt to distinguish the present case from D.P., the trial court reasoned that “you can have an aggravated assault with a deadly weapon that is not a firearm,” a distinction that we find unpersuasive. D.L. received ten points for the charge of a third-degree felony involving the use or possession of a firearm. Aggravated assault with a deadly weapon without intent to kill is a third-degree felony. § 784.021, Fla. Stat. Under the RAI, D.L. could only receive ten points for the third-degree felony if it involved the use or possession of a firearm. As we explained in D.P., it is improper to include three additional points for “possession of a firearm” where the possession is already accounted for in the ten point third-degree felony charge. 8 So.3d at 1204; see also M.W. v. Dep’t of Juv. Just., 15 So.3d 782, 783-84 (Fla. 1st DCA 2009).
After its ruling on the aggravating circumstances points, the trial court declined to address D.L.’s argument about the grand theft charge because the requested removal of two points would only drop the RAI score to 14, ultimately requiring the identical result of placing D.L. in secure detention. D.L.’s mother’s refusal to pursue the grand theft charge is immaterial to the pendency of that offense. State v. Wheeler, 745 So.2d 1094, 1096 (Fla. 4th DCA 1999) (“[T]he decision to prosecute does not lie with the victim of a crime.”). Because the trial court declined to address D.L.’s argument about the grand theft charge, we remand for the trial court to determine whether the grand theft charge is currently pending against him and whether his continued detention is appropriate. See T.KG. v. Vurro, 31 So.3d 788 (Fla. 2d DCA 2010).
Accordingly, we grant D.L.’s petition as to the inclusion of three points for aggravating circumstances. D.L. shall be brought before the trial court immediately for an expedited detention hearing to determine whether the grand theft charge is currently pending against him, and an amended RAI shall be completed that does not assess “Mandatory Aggravating Circumstance” points for D.L.’s possession of a firearm during the aggravated assault.
Petition GRANTED in part, REMANDED for further proceedings.
LAWSON and EVANDER, JJ„ concur.