NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEFFREY A. MESSING,                       )
                                          )
          Appellant,                      )
                                          )
v.                                        )          Case No. 2D16-2027
                                          )
KAREN M. NIERADKA,                        )
                                          )
          Appellee.                       )
_____   )

Opinion filed November 29, 2017.

Appeal from the Circuit Court for
Hillsborough County; Christopher Nash,
Judge.

Robert E. Biasotti of Biasotti Law, St.
Petersburg, for Appellant.

Mark A. Neumaier, Tampa, for Appellee.


VILLANTI, Judge.


          Jeffrey Messing (the Husband) appeals the final judgment of dissolution of

his marriage to Karen Nieradka (the Wife).  Because the trial court violated the

Husband's due process rights by converting the final hearing to an evidentiary hearing

without notice and then conducting the final hearing in the Husband's absence, we

reverse and remand for a new hearing.

The Husband and Wife were married on May 9, 2014. On December 10, 2014, the Husband filed a petition for annulment of the marriage, alleging that the parties had separated immediately after the ceremony, had never lived together as husband and wife, and had never consummated the marriage in any manner. The Wife filed a timely answer and counterpetition for annulment, in which she sought to require the Husband to pay certain debts she alleged were marital. Several months later, the Wife filed an amended counterpetition in which she alleged the following:

> I do not contest the petition for annulment, but I am concerned that the court might decide we do not have grounds for an annulement [sic]. If that is the case, I would then like to proceed directly to dissolution of marriage. I forego my previous claim for any financial reimbursement from Mr. Messing.

While the relationship between the parties initially deteriorated, they were later able to resolve at least some of their differences. On September 17, 2015, the Wife filed a "Motion to Enforce Stipulation & Settlement Agreement and Request for Uncontested Hearing." In the motion, the Wife requested that the court "move forward to uncontested final judgment on the Husband's Petition for Annulment."

The Wife's motion to enforce stipulation was set for hearing on November 18, 2015; however, for reasons not apparent from the record, that hearing did not go forward. Instead, it was rescheduled for January 6, 2016. Again however, for reasons not apparent from the record, the scheduled hearing did not occur. But instead of resetting the motion to enforce for hearing, the Wife filed a motion for judgment on the pleadings together with a notice of final hearing, which set the date of the hearing for March 1, 2016.

In anticipation of the noticed final hearing, the Wife filed a "Stipulation to Final Judgment of Annulment." In this stipulation, the parties agreed that the Husband's petition for annulment would be granted and that the Wife would pay $1500 toward the Husband's attorney's fees. Paragraph five of the stipulation provided:

> The Husband can proceed to final hearing on March 1, 2016, without the Wife present pursuant to this Stipulation and the Wife waives appearance at the final hearing but agrees to the Stipulation contained herein and asks that the Court enter a Judgment of Annulment and approve the stipulation herein.

The Wife also filed a waiver of appearance, in which she asked the court to sign a final judgment of annulment at the hearing and provide her with a copy.

At the March 1, 2016, final hearing, counsel for both parties appeared; however, neither party appeared. At the start of the hearing, the trial court sua sponte requested that the attorneys call their clients and request their presence at the hearing. While the Wife's counsel was able to contact her and she appeared at the hearing, the Husband's counsel was apparently not able to reach the Husband, and he did not attend. Nevertheless, the trial court went forward with an evidentiary hearing, swearing in the Wife and taking testimony from her. Based solely on the Wife's testimony, the court rejected the parties' stipulation to an annulment and, at the Wife's ore tenus request, proceeded to consider her counterpetition for dissolution. The trial court granted this request and, even though the parties had no stipulation concerning their respective rights in a dissolution action, the court granted a final judgment of dissolution at the conclusion of the hearing. The Husband now appeals that judgment.

The Husband raises a number of issues concerning the final judgment; however, we find merit only in his argument that the trial court violated his due process

- 3 -

rights in entering the final judgment of dissolution. As the Husband properly points out, once the trial court determined that it could not approve the parties' stipulation for annulment without taking evidence, the court should have stopped the hearing and ordered the parties to schedule an evidentiary hearing rather than proceeding with an unnoticed evidentiary hearing that could be attended by only one of the parties.

Florida law holds that "[t]he specific parameters of the notice and the opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding." Keys Citizens For Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 948 (Fla. 2001). However, in general, "[p]rocedural due process requires both fair notice and a real opportunity to be heard." Id. (citing Dep't of Law Enf't v. Real Prop., 588 So. 2d 957, 960 (Fla. 1991)); see also Vollmer v. Key Dev. Props., Inc., 966 So. 2d 1022, 1027 (Fla. 2d DCA 2007). On the issue of notice, "[t]he notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." Keys Citizens, 795 So. 2d at 948 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). Hence, the failure to provide a party with adequate notice of the need to be present at a hearing constitutes a violation of due process. See, e.g., Wildwood Props., Inc. v. Archer of Vero Beach, Inc., 621 So. 2d 691, 692 (Fla. 4th DCA 1993). So too does the taking of evidence at a hearing not noticed as an evidentiary hearing. See Trans Health Mgmt., Inc. v. Nunziata, 159 So. 3d 850, 861 (Fla. 2d DCA 2014). Blindsiding a party by announcing on the day of the hearing that the court will entertain evidence at a hearing not noticed as an evidentiary hearing is the epitome of a due process violation. See

- 4 -

Jackson v. Leon Cty. Elections Canvassing Bd., 204 So. 3d 571, 578 (Fla. 1st DCA 2016) ("[T]he opportunity to be heard at an evidentiary hearing requires time to secure the attendance of witnesses and to prepare for the presentation of evidence and argument." (quoting Crepage v. City of Lauderhill, 774 So. 2d 61, 65 (Fla. 4th DCA 2000) (internal quotation and citation omitted)); see also Wildwood Props., 621 So. 2d at 692 n.1 (holding that notice that the court would hear evidence provided on the day of a hearing to an attorney who was seeking to withdraw from representing a party was not adequate to comport with due process). In other words, proper notice of the need to be present and to present evidence is required.

Here, while the Wife filed a notice of final hearing and a motion for judgment on the pleadings, she did not notice the hearing as an evidentiary hearing. The record shows that the Wife also filed the parties' stipulation, which jointly requested that the court grant the Husband's petition for annulment, along with a waiver of appearance that requested that she be provided with a copy of the final judgment. Nothing about either the notice of hearing or the filed documents put the Husband on notice that the final hearing was going to involve anything other than the trial court's anticipated acceptance of the parties' stipulation—and certainly not that the court would decide, sua sponte, to conduct an evidentiary hearing at which the Husband's presence would be required. Having had no notice of the evidentiary nature of the hearing, the Husband had no opportunity to prepare for the presentation of evidence, and the trial court's decision to go forward with the hearing despite this lack of notice constituted a violation of the Husband's due process rights.

Instead of proceeding as it did, once the trial court determined that it needed to take evidence on the issue of whether an annulment was proper, it should have requested that the parties schedule a properly noticed evidentiary hearing at which the Husband could appear. Further, once the Wife appeared and the court determined from her testimony that it could not honor the parties' stipulation, the trial court should not have proceeded to decide the case based solely on the Wife's testimony without giving the Husband a reasonable opportunity to present counterevidence on the issue. The trial court's decision to reject the parties' joint stipulation, convert the hearing to an evidentiary one without notice, entertain evidence from the only party—the Wife—who managed to appear despite the lack of notice, and rely solely on that evidence without ever giving the Husband an opportunity to present other evidence was a classic violation of the Husband's due process rights.

Accordingly, because the trial court violated the Husband's due process rights, we reverse the final judgment of dissolution and remand for a properly noticed hearing.

Reversed and remanded.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.