# Third District Court of Appeal
## State of Florida

Opinion filed September 25, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2272
Lower Tribunal No. 16-17648
_____

**Jean-Philippe Schneider,**
Appellant,

vs.

**Christian Tirikian, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge, and Lourdes Simon, Judge.

Jean-Philippe Schneider, in proper person.

Paul A. McKenna & Associates, P.A., and Paul A. McKenna, for appellees.

Before LINDSEY, LOBREE, and GOODEN, JJ.

GOODEN, J.

Appellant Jean-Phillippe Schneider appeals the final judgment that arose after the trial court entered a default against him for failing to appear at calendar call. We reverse and remand for further proceedings consistent with this opinion.

I.

In 2016, Appellees filed suit against Schneider and others, alleging multiple causes of action for a business dispute. Schneider answered and asserted counterclaims. After several years of litigation, the case was placed on the trial docket. When it was not reached, it would be rolled to a subsequent trial docket. The following occurred on one such occasion.

On April 21, 2022, at 11:41 A.M., the trial court reset trial and entered the Uniform Order Setting Cause for Live/In-Person Jury Trial, Mediation, and Pre-Trial Instructions. The order scheduled the calendar call for that very same day at 1:00 P.M. The order advised: "Failure to appear as directed or to otherwise strictly comply with the terms of this Order may result in sanctions, including, but not limited to, the dismissal of the action, striking of pleadings, limiting of proof, striking a witness or such other actions as the Court may deem proper."

Schneider, who was pro se and resided in France, failed to appear at the calendar call. The Appellees moved ore tenus for default. The trial court

2

granted the motion, entering a default against Schneider and dismissing his counterclaims against the Appellees.

Schneider moved to vacate the default. While he noted confusion as to the legal status of the proceedings, Schneider argued that he did not receive proper notice and therefore, was not able to respond to the court. The trial court denied the motion.

The matter proceeded to a jury trial on damages. The jury awarded the Appellees $1,500,000. A final judgment was entered accordingly. Schneider filed several post-trial motions, all of which were denied by the trial court.

On appeal, Schneider raises four issues—one of which has merit. He maintains that he did not receive proper notice of the calendar call and his due process rights were violated when the default was entered. We agree.

II.

While we usually review orders denying a motion to vacate a default under an abuse of discretion standard,[1] Schneider has alleged deprivation of procedural due process. Therefore, our review is de novo. Garrison v. Williamson, 372 So. 3d 1275, 1276 (Fla. 5th DCA 2023); Pena v. Rodriguez, 273 So. 3d 237, 240 (Fla. 3d DCA 2019).

---

[1] Brivis Enters,. Inc. v. Von Plinski, 8 So. 3d 1208, 1209 (Fla. 3d DCA 2009).

## III.

While we fully recognize the trial court's authority to sanction a party who fails to appear at the pretrial conference, the trial court must provide sufficient notice before doing so. Due process and our rules of procedure demand it.

Our due process protections are found in Article 1, Section 9 of the Florida Constitution. Art. I, § 9, Fla. Const. ("No person shall be deprived of life, liberty or property without due process of law. . . ."). Accord U.S. Const. amend V. & XIV, § 1. "The constitutional guarantee of due process requires that judicial decisions be reached by a means that preserves both the appearance and reality of fairness." Verizon Bus. Network Servs., Inc. v. Dep't of Corr., 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008) (citation omitted).

"Basic due process requires a party be provided notice and a meaningful opportunity to be heard, the denial of which constitutes fundamental error." Pena, 273 So. 3d at 240. See also Baldwin v. Hale, 68 U.S. 223, 233 (1863) ("Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified."); State ex rel. Gore v. Chillingworth, 171 So. 649, 654 (Fla. 1936) ("It contemplates that the defendant shall be given fair notice, and afforded a real opportunity to be heard and defend . . . .") (internal citations omitted).

4

"If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." Fuentes v. Shevin, 407 U.S. 67, 81 (1972). "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). See also Armstrong v. Manzo, 380 U.S. 545, 550 (1965) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations omitted); N.C. v. Anderson, 882 So. 2d 990, 993 (Fla. 2004) ("Procedural due process requires both reasonable notice and a meaningful opportunity to be heard.").

"Hence, the failure to provide a party with adequate notice of the need to be present at a hearing constitutes a violation of due process." Messing v. Nieradka, 230 So. 3d 962, 965 (Fla. 2d DCA 2017). See also Wildwood Properties, Inc. v. Archer of Vero Beach, Inc., 621 So. 2d 691, 692 (Fla. 4th DCA 1993); Zeigler v. Huston, 626 So. 2d 1046, 1047 (Fla. 4th DCA 1993).

In addition to the protections afforded by our Constitution, our rules of procedure often contain safeguards to provide fair notice. Florida Rules of Civil Procedure 1.200 and 1.500 are such rules. Rule 1.200 provides,

> (c) Notice. Reasonable notice must be given for a case management conference, and 20 days' notice must be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference must be specified in the order. Orders setting pretrial conferences must be uniform throughout the territorial jurisdiction of the court.

Fla. R. Civ. P. 1.200(c) (2022). Rule 1.500 states,

> (b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default.

Fla. R. Civ. P. 1.500(b) (2022).

The instant case does not meet these demands. The trial court only provided one hour and nineteen minutes notice of the calendar call—well-short of the twenty-day requirement in Rule 1.200. There was no emergency that would have necessitated this short of notice. This amount of notice simply was not sufficient.

Furthermore, Schneider had appeared in the case—both pro se and through counsel at various times—and had been actively litigating for six

6

years. The Appellees moved ore tenus for default at the calendar call. Schneider had no prior notice of this motion.

Under Rule 1.500, Schneider was entitled to notice of the application for default before its entry. See Fla. R. Civ. P. 1.500(b); Black Point Assets, Inc. Tr. of 2237 Thornbrook Drive Land Tr. v. Ocwen Loan Servicing, LLC, 285 So. 3d 389, 390 (Fla. 1st DCA 2019); Bermuda Atl. Line Ltd. v. Florida E. Coast Ry. Co., 622 So. 2d 489, 490 (Fla. 1st DCA 1993); Clearvalle, Inc. v. Cohen, 561 So. 2d 1354, 1354 (Fla. 4th DCA 1990) ("The application for default in the instant case was an ore tenus motion made by appellee at docket call when appellants were not present. There was no prior notice. It is well settled that a failure to produce proof of service of the required notice of application for default alone renders the entry of a default judgment erroneous.").

"Adequate notice is a fundamental element of the right to due process." Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So. 2d 1231, 1235 (Fla. 1st DCA 1995). "Under either rule 1.200(c) or 1.500(b), it is fundamental that in order to properly enter a default after a party has appeared, notice of the intention to enter a default must be served on the party. Failure to give adequate notice and opportunity to be heard constitutes a violation of due

7

process." Zeigler v. Huston, 626 So. 2d 1046, 1048 (Fla. 4th DCA 1993) (internal citations omitted).

Under these circumstances, Schneider was not fully afforded due process. Accordingly, the trial court erred when it entered the order defaulting Schneider for failing to appear at the calendar call.[2]

IV.

Appellees argue that Schneider did not preserve this argument for appeal, and it cannot be considered by our Court. We disagree. While Schneider's motion to vacate contained several arguments, he plainly argued that he did not receive proper notice and could not respond to the court. The key to preservation is whether the trial court had an opportunity to correct the purported error. Eaton v. Eaton, 293 So. 3d 567, 568 (Fla. 1st DCA 2020). This motion and argument alerted the trial court that the notice was improper and gave it an opportunity to correct.

Besides, "[a] denial of due process constitutes fundamental error that may be raised for the first time on appeal." Chiu v. Wells Fargo Bank, N.A., 242 So. 3d 461, 464 (Fla. 3d DCA 2018). Accord Ray v. State, 403 So. 2d

---

[2] There is no record evidence before this Court that Schneider's failure to appear was willful and intentional, or that there was a pattern of noncompliance with court orders. See, e.g., Arango v. Alvarez, 585 So. 2d 1131 (Fla. 3d DCA 1991).

956, 960 (Fla. 1981) ("[F]or error to be so fundamental that it may be argued on appeal, though not properly presented below, the error must amount to a denial of due process."); I.T. v. Dep't of Children & Families, 338 So. 3d 6, 9 n.1 (Fla. 3d DCA 2022) ("As it is well-settled the denial of due process constitutes fundamental error that may be raised for the first time on appeal, we reject the Department's contention this issue is not preserved."); Blechman v. Dely, 138 So. 3d 1110, 1114 (Fla. 4th DCA 2014) ("The denial of due process is fundamental error that can be raised for the first time on appeal."); Weiser v. Weiser, 132 So. 3d 309, 311 (Fla. 4th DCA 2014) ("The denial of due process rights, including the opportunity to be heard, to testify, and to present evidence, is fundamental error."); Verizon Bus. Network Services, Inc. ex rel. MCI Communications, Inc. v. Dep't of Corr., 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008) ("A denial of due process, if proven, constitutes fundamental error, which may be challenged for the first time on appeal.").

Accordingly, Schneider's arguments are properly before this Court and can be considered.

V.

Because Schneider did not receive fair notice of the calendar call, we reverse the final judgment and remand with instructions to vacate the final judgment and order of default.

Reverse and remanded.