# Third District Court of Appeal

## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1840
Lower Tribunal No. 17-7556
_____

**Roman Ravelo,**
Appellant,

vs.

**Maria D. Payret,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Law Offices of Mark A. Dienstag, and Mark A. Dienstag; Law Offices of Karen J. Haas, and Karen J. Haas, for appellant.

Law Offices of Solangel Verde, and Solangel Verde; Law Offices of Kevin W. Nates, and Kevin W. Nates, for appellee.

Before EMAS, SCALES and MILLER, JJ.

EMAS, J.

This case returns to us for a second time. In a prior appeal, Roman Ravelo challenged the trial court's summary denial of his rule 1.540(b) motion to vacate a default final judgment, and this court reversed and remanded for an evidentiary hearing to determine whether relief should be granted. Ravelo v. Payret, 335 So. 3d 811 (Fla. 3d DCA 2022). In this second appeal, Ravelo challenges the trial court's subsequent order, denying his motion to vacate following an evidentiary hearing on remand.

This Court reviews an order denying a motion to vacate a default final judgment for a gross abuse of discretion. Karan v. Pernia, 343 So. 3d 689, 690 (Fla. 3d DCA 2022) (citing Brivis Enters., Inc. v. Von Plinski, 8 So. 3d 1208, 1209 (Fla. 3d DCA 2009) to note "the distinction" between the standard of review for an order denying a motion to vacate an interlocutory order of default, "mere abuse of discretion," and the standard of review for an order denying a motion to vacate a default final judgment, "gross abuse of discretion") (other citations omitted); see also Finkel Outdoor Prods., Inc. v. Lasky, 529 So. 2d 317, 318 (Fla. 2d DCA 1988) ("A mere abuse of discretion is sufficient to warrant reversal of a trial judge's refusal to vacate an interlocutory order of default as opposed to a gross abuse of discretion needed to reverse a refusal to vacate a default judgment.") (alteration in

original) (citing <u>N. Shore Hosp., Inc. v. Barber</u>, 143 So. 2d 849 (Fla. 1962) and <u>Kapetanopoulos v. Herbert</u>, 449 So. 2d 947 (Fla. 2d DCA 1984)).

Upon our review, and applying this highly deferential standard, we cannot say the trial court grossly abused its discretion in denying the motion to vacate the default final judgment. We affirm the order on appeal.

Affirmed.