393 So.2d 1134 (1981)
BOARD OF REGENTS, State of Florida, Acting for and On Behalf of the UNIVERSITY OF FLORIDA, Appellant,
v.
Schuyler HARDIN and Transamerica Insurance Company, Appellee.
No. VV-477.
District Court of Appeal of Florida, First District.
January 27, 1981.
Thomas S. Biggs, Jr., Joseph B. Cramer, Robert J. Denson, Gainesville, for appellant.
William N. DeCarlis, Bates & DeCarlis, Gainesville, for appellee.
JOANOS, Judge.
This is an interlocutory appeal from an order granting Defendant/Appellee Hardin's motions for default on a counterclaim and dismissal with prejudice of the complaint.
The Board of Regents, on behalf of the University of Florida, and Santa Fe Community College filed a complaint on August 7, 1979, against Schuyler Hardin seeking an accounting and against Transamerica Insurance Company seeking recovery on a bond issued by that company. Pursuant to an oral agreement, the time in which an answer was to be filed was extended to September 15, 1979, although the answer was not filed until October 3, 1979. Along with the answer, Hardin filed a counterclaim and *1135 motions to dismiss, citing certain inadequacies in the contents of the complaint.
In a written stipulation of October 31, 1979, the parties agreed that "the Defendant Hardin's Motions to Dismiss are well taken" and "that if hearing were held thereon before the Judge assigned to this case Plaintiffs would acknowledge that said motions were well-founded." Finally it was agreed "that for purposes of this action, Defendant Hardin's Motions to Dismiss will be treated as if the same had been granted by the Court and Plaintiffs shall have twenty (20) days from the date of this Stipulation to plead as they may be advised."
BOR did not replead within twenty days of the stipulation. The attorney for Defendant Hardin requested by letter and telephone that BOR do so, but to no avail. On February 29, 1980, Defendants moved for default on their counterclaim and for dismissal with prejudice of Plaintiffs' original complaint. On March 18, 1980, after a hearing had been scheduled on Defendants' Motions, Plaintiffs filed an amended complaint which Defendant Hardin moved to dismiss as untimely.
The hearing on Defendants' motions for default on the counterclaim and dismissal with prejudice of the complaint was held on April 29, 1980. On that date, Plaintiffs filed an answer to the counterclaim. On May 12, 1980, the Court filed its order, dated May 8, 1980, granting the motions for default on the counterclaim and dismissal with prejudice of the complaint.
Two issues were raised on appeal: Whether the trial court erred in entering a default against Plaintiffs after their response to the counterclaim was filed, and whether the trial court abused its discretion in dismissing the complaint with prejudice.
As to the first issue, we reverse. The language of Rule 1.500(c), Florida Rules of Civil Procedure, is plain and has been read literally by the courts. See: Freedman v. Freedman, 235 So.2d 544 (Fla. 3rd DCA 1970), cert. denied, 241 So.2d 859 (Fla. 1970), and Lake Towers, Inc. v. Axelrod, 216 So.2d 86 (Fla. 4th DCA 1968). The Rule states that a party may plead or otherwise defend at any time before default is entered. An order of default has not been entered until it is actually filed with the clerk. Chester, Blackburn, and Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3rd DCA 1980).
Defendants/Appellees argue that the literal reading which has been given the Rule renders it inconsistent with Rules 1.140 and 1.090, Florida Rules of Civil Procedure, frustrating the principle that rules of civil procedure dealing with the same subject matter should be construed together and in light of each other. Dibble v. Dibble, 377 So.2d 1001 (Fla. 3rd DCA 1979). Rule 1.140(a) provides that answers to counterclaims shall be filed within twenty days after service of the counterclaim. Here the answer was filed more than 5 months after the written stipulation was entered. Rule 1.090(b) provides that upon motion and notice, after the expiration of the time period within which an act was required to be done under the rules, the court may enlarge the time period if the failure to comply was due to excusable neglect. In the instant case, no enlargement of time was sought. Appellee points out that a counter-defendant will always have filed some paper in the action, thus the provisions of Rule 1.500(a) for automatic entry of default by the clerk will not apply, and the counter-defendant will always receive notice of the default hearing. Fla.R.Civ.P. 1.500(b). Therefore, although a counter-defendant seeks no enlargement of time from the court within which to answer the counterclaim, a counter-defendant will not be limited, to twenty days within which to file an answer, but will have additional time up until the entry of an order following a default hearing. The court will have taken time from its calendar to hold the default hearing for naught if it fails to file its signed order with the clerk before the counter-defendant files its answer.
Appellee makes good arguments in terms of judicial economy and consistency within the Rules of Civil Procedure. While we do not in anyway condone the dilatory behavior of appellant's counsel in this proceeding, *1136 nevertheless, the meaning of the applicable sentence in Rule 1.500(c) is plain, and the literal interpretation given it in the cases cited above is unavoidable. No exceptions exist to cover the unfortunate situation presented in this case.
As to the second issue, we also reverse. While it was within the discretion of the trial court to dismiss the complaint, it was not within the discretion of the court to dismiss the complaint with prejudice. The stipulation of the parties provided that the motions to dismiss would be treated as if granted by the court, but did not provide with regard to the time period within which to replead that the stipulation would have the same effect as an order of the court. Therefore, the violation of the stipulation by failing to replead within twenty days should not have been treated as failure to comply with an order of the court. This being the first dismissal of the complaint, voluntary or involuntary, it should not have been dismissed with prejudice.
The order of the court granting Hardin's motion for default on the counterclaim is accordingly reversed. The order is also reversed insofar as it dismissed the complaint with prejudice, and the cause is remanded with directions to allow appellant an opportunity to file an amended complaint, and for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
WENTWORTH, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.