PER CURIAM.
This is an appeal from a final default judgment and subsequent foreclosure sale of property. Simon Abelson, the appellant, asserts that the default judgment should not have been entered and the foreclosure sale should not have been conducted because he had filed several motions prior to the entry of the order of default. First Nationwide Bank (Bank), the appellee, contends that Abelson’s motions were untimely and without merit.
The record demonstrates that Abelson filed a notice to post cost bond, motion to abate, and motion to strike, prior to the hearing on the Bank’s motion for default. The record also demonstrates that Abelson filed a motion to dismiss the Bank’s complaint, after a hearing on the Bank’s motion for default, but, prior to rendition of the default order. Shortly thereafter, the trial court denied Abelson’s motion to dismiss as being untimely and lacking legal merit.
Florida Rule of Civil Procedure 1.500(c), provides, “(a) party may plead or otherwise defend at any time before default is entered.” Since Abelson’s motions were filed before the default was entered, Abelson’s motions were timely, and such motions precluded the entry of a default judgment against him. See Humbert v. Ackerman, 541 So.2d 1229 (Fla. 3d DCA 1989); Board of Regents v. Hardin, 393 So.2d 1134 (Fla. 1st DCA 1981); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). Further, accepting as correct the trial court’s finding that Abelson’s motion to dismiss was without merit, the trial court erred in denying Abelson’s motion without giving him an opportunity to serve his answer. See Sis *415 ter Donut, Inc. v. Cameron-Brown Company, 495 So.2d 772 (Fla. 4th DCA 1986).
Accordingly, we reverse the final default judgment and vacate the foreclosure sale of the property and remand this cause for further proceedings.