595 So.2d 174 (1992)
James C. CARDER, etc., et al., Appellants,
v.
PELICAN COVE WEST HOMEOWNERS ASSOCIATION, INC., etc., et al., Appellees.
No. 91-1191.
District Court of Appeal of Florida, Fifth District.
February 21, 1992.
Rehearing Denied March 17, 1992.
B. Paul Katz of Chiumento & Katz, P.A., Palm Coast, for appellants.
Walter B. Dunagan, Daytona Beach, for appellants.
COBB, Judge.
This is a confused and confusing case, described by the trial court as a "procedural morass," but the issue before us boils down to the validity of a default entered against the appellants James C. and Rosemary Carder and Belmont Homes, Inc. The motion for that default was filed on June 1, 1989, but the default itself was not *175 entered until February 25, 1991. In the interim, the defendants filed a motion to dismiss, which was denied on July 21, 1989.
The filing of the motion to dismiss precluded any subsequent entry of default in respect to any complaint pending at that time. Fla.R.Civ.P. 1.500(c). See Board of Regents, University of Florida v. Hardin, 393 So.2d 1134 (Fla. 1st DCA 1981); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980).
Resurrection of this case is far from consistent with the tenets of judicial economy. As the trial court has noted, it is a procedural nightmare which seems to have taken on a life of its own. As was stated by the court in Board of Regents:
[W]e do not in any way condone the dilatory behavior of Appellants' counsel in this proceeding, nevertheless, the meaning of the applicable sentence in Rule 1.500(c) is plain, and the literal interpretation given it in the cases cited above is unavoidable. No exceptions exist to cover the unfortunate situation presented in this case.
Although this appeal presents another "unfortunate situation," we must reverse the default judgment entered below.
REVERSED AND REMANDED.
GOSHORN, C.J., concurs.
GRIFFIN, J., concurs in result only.