599 So.2d 710 (1992)
Linda S. CLARK, Appellant,
v.
Lydia B. PERLMAN, Appellee.
No. 91-2711.
District Court of Appeal of Florida, First District.
May 13, 1992.
*711 James R. McAtee, Pensacola, for appellant.
Bruce A. McDonald of McDonald, Fleming & Moorhead, Pensacola, for appellee.
JOANOS, Chief Judge.
Linda S. Clark (defendant/appellant) appeals a final judgment granting an equitable lien, after entry of a default against her in connection with a suit for specific performance for sale of real property. The issue is whether the trial court erred in failing to set aside the default, which was entered without notice to the defendant/appellant. We reverse.
This case had its inception in an agreement entered into on August 10, 1988, in which appellant and her husband agreed to sell real property to Lydia B. Perlman, plaintiff/appellee, and specified a closing date of November 9, 1988. On April 12, 1990, plaintiff/appellee filed a two-count complaint, seeking specific performance of the agreement and damages. On June 21, 1990, appellant, acting pro se, filed an answer and a motion to dismiss. (Due to the death of appellant's husband prior to the institution of the suit for specific performance, appellant was named as the sole defendant.) On January 25, 1991, the circuit court entered an order granting plaintiff/appellee leave to file an amended complaint, and granting defendant/appellant twenty days from service of the amended complaint to file an answer or other responsive pleading. At that time, defendant/appellant was represented by counsel.
Plaintiff/appellee filed her amended three-count complaint on February 4, 1991, seeking specific performance or an equitable lien upon the property, and damages. On February 8, 1991, defendant/appellant signed a stipulation for withdrawal of her attorney. An order granting defendant/appellant's attorney leave to withdraw was entered March 11, 1991. This order also granted appellant ten days to obtain other counsel, and further provided:
Regardless of whether or not Defendant obtains other counsel, an answer or other appropriate responsive pleading or motion to Plaintiff's Amended Complaint shall be filed by or on behalf of Defendant within 20 days from the date hereof.
On April 22, 1991, plaintiff/appellee filed a motion for default, "for failure to serve any paper on the undersigned or file any *712 paper in response to the Plaintiff's Amended Complaint within twenty days, as required by law by the Order of Court dated March 11, 1991." The default was signed by the circuit court on April 22, 1991. Defendant/appellant was not served with the motion for default, or with notice of a scheduled hearing on the motion for default.
On May 1, 1991, plaintiff/appellee served defendant/appellant with a notice of hearing set for July 2, 1991, "for Entry of Final Judgment following default." In mid-June 1991, defendant/appellant obtained new counsel. On July 1, 1991, defendant/appellant filed an answer and affirmative defense to the amended complaint. On July 2, 1991, prior to the hearing on plaintiff/appellee's motion for judgment following default, defendant/appellant filed a motion to set aside default and a motion to strike the notice of hearing.
At the July 1991 hearing, plaintiff/appellee's counsel acknowledged that a copy of the motion for default was not served on defendant/appellant. The circuit court denied the motion to set aside default, concluding that defendant/appellant had failed to show good cause or excusable neglect for failing to comply with the court's order to file an answer to the amended complaint. The court then received evidence on the motion for judgment following default. Subsequently, the circuit court entered judgment on default, granting an equitable lien to plaintiff/appellee.
The rules governing defaults are set forth in Florida Rule of Civil Procedure 1.500. The pertinent portions of rule 1.500 provide:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party, provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.

(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered... . (Emphasis supplied.)
Florida courts have accorded a liberal construction to the default rule, to allow for trial on the merits where all parties appear. Gulf Maintenance v. Barnett Bank, 543 So.2d 813, 816 (Fla. 1st DCA 1989). The requirement of service of notice of an application for default when "any paper" has been filed or served, "is premised on the notion that such paper indicates an intention by the defendant to defend on the merits and due process considerations require such notice if the plaintiff intends to proceed and hold the defendant within the time constraints in the rules of procedure." Id. at 816. Therefore, the filing of "any paper," including a motion to dismiss, will entitle a defendant to notice of any application for default. Motzer v. Tanner, 561 So.2d 1336, 1338 (Fla. 5th DCA 1990). Accord Gulf Maintenance v. Barnett Bank, 543 So.2d at 816; Board of Regents, Univ. of Florida v. Hardin, 393 So.2d 1134 (Fla. 1st DCA 1981); Carder v. Pelican Cove West Homeowners Assoc., Inc., 595 So.2d 174 (Fla. 5th DCA 1992); Graves v. Giordano, 590 So.2d 1113 (Fla. 4th DCA 1991); Gould v. Ruzakowski, 322 So.2d 567 (Fla. 3d DCA 1975).
In the instant case, defendant/appellant filed a pro se answer and motion to dismiss directed to plaintiff/appellee's original complaint. In so doing, she filed a "paper in the action," within the contemplation of rule 1.500(b), thereby evincing her intention to defend on the merits. Although defendant/appellant did not file a responsive pleading to the amended complaint within the twenty-day time period specified in the circuit court's order, under the liberal construction accorded rule 1.500(b), she was entitled to notice of the application for default, and an opportunity to be heard on the question of whether her failure to comply with the court's order was willful or in bad faith. See Neder v. Greyhound Financial Corp., Chicago Title Insurance Co., 592 So.2d 1218 (Fla. 1st DCA 1992).
Accordingly, the final judgment on default is reversed and the cause is remanded *713 for a hearing, after notice to defendant/appellant, to determine whether her failure to comply with the court's order resulted from such willfulness or bad faith as would justify the extreme sanction of default. See Neder v. Greyhound Financial Corp.
BOOTH and ZEHMER, JJ., concur.