779 So.2d 452 (2000)
Anne RUSSELL, n/k/a Anne Kinnan, Appellant,
v.
A.G. EDWARDS & SONS, INC., and Copeland Carter, Appellees.
No. 2D99-2317.
District Court of Appeal of Florida, Second District.
October 13, 2000.
*453 Roger L. Fishell, Sarasota, for Appellant.
Robert W. Boos and Donald Mihokovich of Ruden, McClosky, Smith, Schuster & Russell, P.A., Tampa, for Appellees.
PARKER, Acting Chief Judge.
Anne Russell appeals from an order which denied Russell's motion to dismiss or transfer for improper venue and the final judgment which enjoined her from proceeding with her action for arbitration. We affirm without discussion the trial court's denial of Russell's motion to dismiss or transfer for improper venue. See *454 § 47.011, Fla. Stat. (1997). We reverse the final judgment and remand for further proceedings in this matter.
Sometime between November 1997 and January 5, 1998, Russell filed a statement of claim with the National Association of Securities Dealers (NASD) and instituted NASD arbitration proceedings. Russell alleged that A.G. Edwards & Sons and Copeland Carter (collectively "Edwards") breached a fiduciary duty and violated the New York Stock Exchange Rules. On February 12, 1998, Edwards filed suit for declaratory and injunctive relief against Russell, seeking to preclude her from proceeding with arbitration of her claim. Edwards contended that the NASD arbitration proceeding commenced by Russell could not proceed because there was no agreement between the parties to resolve any dispute by such means and Russell's claim was not timely.
Russell subsequently moved to dismiss or transfer for improper venue and to dismiss for lack of subject matter jurisdiction, and the trial court denied the motions. Russell filed a motion for rehearing or reconsideration in May 1998, but neither party set the matter for hearing and the motion was never ruled upon by the court. Eventually, Edwards moved for summary judgment on the same grounds as its suit for declaratory and injunctive relief. On October 14, 1998, the trial court signed an order scheduling a case management conference for November 5, 1998. Neither Russell nor her counsel appeared at the November 5 case management conference. The trial court then set a hearing on Edwards' motion for summary judgment for December 1, 1998. On November 25, 1998, Russell filed a motion to continue the December 1, 1998, hearing on Edwards' motion for summary judgment. On November 30, 1998, counsel for Russell placed a call to the trial court's judicial assistant in an additional effort to have the December 1 hearing canceled. The trial court treated this phone call as an ore tenus motion for a continuance and entered an order continuing the hearing on Edwards' motion for summary judgment to December 22, 1998.
On December 18, 1998, Russell filed two affidavits in opposition to Edwards' motion for summary judgment. Russell's affidavit stated that, in June 1993, she instructed her husband to transfer an inheritance to an account with Edwards over which she would have exclusive control, but that he deposited the money in a joint account that they had opened in September 1991. Both affidavits averred that Russell had signed a customer agreement with Edwards that provided for NASD arbitration, and Russell attached the agreement to the affidavits. Edwards subsequently canceled the hearing on its motion for summary judgment.
In February 1999, Russell filed a motion for summary judgment based on the existence of the arbitration agreement. On April 29, 1999, Edwards filed a motion for default complaining that Russell should be defaulted for failing to file an answer to the complaint and for failing to set a hearing on her motion for rehearing/reconsideration. At the time of the filing of the motion for default, Russell's motion for summary judgment remained pending.
A May 10, 1999, case management hearing, which was not attended by Russell or her counsel, resulted in a final judgment entered in favor of Edwards. The final judgment (a) granted Edwards' motion for default; (b) entered judgment on the pleadings as a sanction for Russell and her counsel's failure to attend the case management conferences; and (c) granted Edwards' motion for summary judgment on the merits. The final judgment enjoined Russell from proceeding with her NASD claim based on the judgment on the pleadings and, in the alternative, the summary judgment.
On appeal, Russell argues that the trial court erred in entering a default because she had pending motions. Russell also argues that the trial court erred in enjoining *455 her from proceeding with her NASD claim because judgment on the pleadings was too severe a sanction for actions attributable to counsel, and there exists a genuine dispute of material fact. We agree and reverse.
First, Russell argues that the trial court was not authorized to enter a default based on her failure to defend when she had two pending motions in the trial court: a motion for rehearing/reconsideration and a motion for summary judgment. A trial court may enter a default when a party has failed to plead or otherwise defend. See Fla. R. Civ. P. 1.500(b). Although Russell had not filed an answer to the complaint, her pending motions satisfied the definition of otherwise defending against the action to preclude entry of default. See Carder v. Pelican Cove West Homeowners Ass'n, 595 So.2d 174, 175 (Fla. 5th DCA 1992) (holding that a pending motion to dismiss precluded entry of a default); Abelson v. First Nationwide Bank, 545 So.2d 414, 414 (Fla. 3d DCA 1989) (pending notice to post cost bond, motion to abate, and motion to strike); Sister Donut, Inc. v. Cameron-Brown Co., 495 So.2d 772, 773 (Fla. 4th DCA 1986) (motion to abate). Thus, the default for failure to defend was not proper.
Second, Russell argues that judgment on the pleadings was too severe a sanction for actions attributable to counsel. The trial court's rationale for sanctioning Russell was based on its findings that (1) Russell and her counsel willfully and deliberately failed to appear at the November 5, 1998, case management conference; (2) counsel waited until November 30, 1998, to make an ore tenus motion by way of a telephone call to the court's judicial assistant to continue the December 1, 1998, hearing; and (3) Russell and her counsel willfully and deliberately failed to appear at the May 10, 1999, case management conference. Based upon these facts, the trial court concluded that "[Russell] and her counsel's pattern of disobedience of this Court's orders has been willful, deliberate, or contumacious, rather than an act of neglect or inexperience."
Russell argues that the trial court erred in entering judgment on the pleadings as a sanction for the above conduct because her conduct did not rise to the level of contumacious disregard, and even if her counsel's conduct did rise to such a level, a judgment on the pleadings was too harsh a sanction. We agree with Russell that the record does not reflect that she herself was responsible for the offending conduct. The orders setting the conferences required only that "counsel or parties pro se" appear. Because Russell was represented by counsel, she had no obligation to attend. As such, the trial court's determination of sanctions should have been governed by the principle that "[a party] should not be made to suffer the loss of viable claims due to [its] attorney's malfeasance where there is no evidence in the record to indicate that [the party] personally engaged in misconduct." Walicki v. Waste Management, Inc., 703 So.2d 1095, 1096 (Fla. 2d DCA 1997).
In Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), the supreme court set out the appropriate inquiry to be made before a trial court determines that an attorney's conduct warrants dismissal of a cause:
[A] fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error. To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Altenbernd: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, *456 loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Although the trial court's order here reflects that it considered some of these factors, there is no indication that the trial court considered imposing any sanction less serious than judgment on the pleadings. While we do not condone counsel's actions, we conclude that the judgment on the pleadings for counsel's contumacious disregard for the trial court's orders was improper. Compare Harrell v. Mayberry, 754 So.2d 742, 745 (Fla. 2d DCA 2000) (reversing a default judgment on the issue of liability as a sanction for discovery violations), and Ad Miller Assocs. v. Glynn, 736 So.2d 798, 800 (Fla. 2d DCA 1999) (holding that trial court abused its discretion in entering a default judgment against defendants as a sanction when counsel failed to attend a motion hearing, file a pretrial order, and attend a case management conference), with Hobe Sound Restaurant Corp. v. Slater, 755 So.2d 649, 651 (Fla. 4th DCA 1998) (upholding default judgment entered as a sanction upon the repeated failure of appellant's representative to appear for a deposition as ordered and appellant and appellant's counsel's subsequent failure to appear for trial), and McCormick v. Lomar Indus., 612 So.2d 707, 708 (Fla. 4th DCA 1993) (upholding order striking all of plaintiff's pleadings as a sanction when "[m]ultiple deadlines were ignored, two court orders disregarded, and at least one no-show occurred over a period of four months").
Finally, Russell is also correct that the trial court erred in granting summary judgment in this case. Russell correctly argues that summary judgment was improper because the record reflects a dispute as to the existence of an arbitration agreement. Russell attached copies of the alleged arbitration agreement to her affidavits, which also asserted the existence of the arbitration agreement. Accordingly, Russell's claim is not subject to summary judgment on this issue. See Fla. R. Civ. P. 1.510(c).
Edwards argues that the trial court properly granted summary judgment because the NASD claim was untimely under rule 10304 of the NASD Code of Arbitration Procedure.[1] However, the record reflects a dispute as to when the events giving rise to Russell's claims arose. Therefore, summary judgment is not supported on this basis.
Edwards also argues that the issue of summary judgment in this case should be determined by a review of Russell's statement of claim itself, without regard to other evidence in the record. However, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Because Russell's deposition and affidavit reflect a genuine issue as to a material fact, summary judgment is not warranted in this case.
The trial court's order denying Russell's motion to dismiss or transfer for improper venue is affirmed. We reverse the trial court's final judgment, which granted a *457 default, judgment on the pleadings, and summary judgment and remand the case for further proceedings in the trial court.
WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Rule 10304 of the NASD Code of Arbitration Procedure provides:

No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence of the event giving rise to the act or dispute, claim, or controversy. This Rule shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.