STEVENSON, J.
 

 In this appeal, Jason Todd Ricé challenges a “Default Final Judgment of Forfeiture” entered by the trial court after Rice, who was then incarcerated, failed to appear for a docket call. The record before us demonstrates that, following the filing of the sheriffs petition for forfeiture, Rice filed a pro se response to the trial court’s probable cause order. An order was entered setting the docket call date for May 30, 2008, and scheduling the case for trial. Approximately ten days prior to the May 30th docket call, appellant filed a “Response to [Sheriffs] Joint Pre-Trial Stipulation.” In that response, appellant
 
 *1285
 
 asserted that the Jeep was not subject to forfeiture because he had not been convicted of a qualifying crime and that he was currently incarcerated in Orlando, but desired to participate in the May 30th hearing, seeking either transportation to the hearing or permission to appear by phone. The trial court did not rule on appellant’s request for transportation or to appear by phone and, instead, entered a “Default Final Judgment of Forfeiture” when appellant failed to appear at the docket call.
 

 We reverse the default final judgment as it was entered without first affording appellant notice of the court’s intent to enter a default and under circumstances where the appellant’s failure to attend the docket call could not be characterized as willful, i.e., the appellant was incarcerated and had advised the court of such fact and requested that arrangements be made to enable him to participate.
 
 See Camerota v. Kaufman,
 
 666 So.2d 1042, 1045 (Fla. 4th DCA 1996) (stating that “[wjhether the default was entered pursuant to rule 1.200(c) [failure to attend case management conference], 1.380(2)(C) [failure to comply with discovery obligations] or 1.500(b) [default judgments] ‘it is fundamental that in order to properly enter a default after a party has appeared, notice of the intention to enter a default must be served on the party’” and that excusable neglect and a meritorious defense need not be demonstrated to set aside a default where the default was entered as a sanction (quoting
 
 Zeigler v. Huston,
 
 626 So.2d 1046, 1048 (Fla. 4th DCA 1993)));
 
 Int’l Energy Corp. v. Hackett,
 
 687 So.2d 941, 943 (Fla. 3d DCA 1997) (noting that even where a uniform order for attendance at calendar call “specifically listed default as a possible sanction for noncompliance, notice and opportunity to be heard” was still required prior to entry of default “for a determination of whether the noncompliance was willful or in bad faith” (citing
 
 Neder v. Greyhound Fin. Corp.,
 
 592 So.2d 1218, 1218 (Fla. 1st DCA 1992)));
 
 see also BLL Props., Inc. v. TRS Juniors, Inc.,
 
 679 So.2d 365, 366 (Fla. 4th DCA 1996) (recognizing that entry of a default as a sanction must be accompanied by express finding that failure to comply with the court’s order was willful).
 

 Reversed and Remanded for further proceedings consistent with this opinion.
 

 GERBER, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.