COHEN, J.
 

 Johary Aviation, Inc., appeals the denial of its motion to set aside default. We reverse. Initially, we reject the argument that Johary Aviation did not timely file its notice of appeal.
 
 See BMW Fin. Servs. NA, LLC v. Alger,
 
 834 So.2d 408, 409 (Fla. 5th DCA 2003) (holding that denial of a motion to set aside default is not an ap-pealable non-final order);
 
 Shell v. Foulkes,
 
 19 So.3d 438, 440 (Fla. 4th DCA 2009) (holding that “[a]n order merely entering a default without a consequent final judgment is not a final order.”); Trawick, Fla. Prac. & Proc., § 25:2 (2007 ed.) (default not a judgment). The notice of appeal was timely filed and this court has jurisdiction.
 

 The trial court erred in denying the motion to set aside default because Johary Aviation filed a motion to dismiss and a motion for more definite statement before the default was entered. These motions precluded the entry of default.
 
 [1]
 

 See Carder v. Pelican Cove West Homeowners Ass’n, Inc.,
 
 595 So.2d 174 (Fla. 5th DCA 1992);
 
 Abelson v. First Nationwide Bank,
 
 
 *334
 
 545 So.2d 414 (Fla. 3d DCA 1989). Consequently, the order denying the motion to set aside default must be reversed and Johary Aviation given the chance to defend.
 
 See Dawkins, Inc. v. Huff,
 
 836 So.2d 1062 (Fla. 5th DCA 2003) (recognizing that policy in this state is to liberally vacate defaults so disputes can be reached on their merits).
 

 REVERSED AND REMANDED.
 

 LAWSON and EVANDER, JJ., concur.
 

 [1]
 

 . We also note that Johary Aviation appeared at the hearing on the motion for default through counsel and attempted to adopt a pleading filed by a co-defendant as its answer.