DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RENEE B. HENDRIX,**
Appellant,

v.

**DEPARTMENT STORES NATIONAL BANK,**
Appellee.

No. 4D14-1612

[September 30, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, IV, Judge; L.T. Case No. 11-31882 (05).

Renee B. Hendrix, Lauderhill, pro se.

Brett A. Foster, Patrick A. Carey and Mairim M. Morales of Patrick A. Carey, P.A., Orlando, for appellee.

PER CURIAM.

The cardholder appeals from a final judgment entered after a judicial default. She argues that the judgment is void because she was denied the opportunity to be heard on the bank's underlying motion for judicial default in contravention of Florida Rule of Civil Procedure 1.500(b). We agree that rule 1.500(b) requires an opportunity to be heard under the facts of this case and reverse.

Facts

After the bank filed its complaint, the cardholder filed a pro se letter and a motion to dismiss. The circuit court denied the motion to dismiss and ordered the cardholder to answer the complaint within thirty days. Forty-one days later, the cardholder filed a motion to compel discovery. In response, the bank filed a combined motion for judicial default and motion for default final judgment and served it on the cardholder. The motion was not set for hearing, and the circuit court entered a judicial default without a hearing. The cardholder moved for rehearing and the circuit court denied the motion, also without a hearing. Eventually, the bank set

a hearing on the motion for default final judgment, and after the hearing,[1] the circuit court entered the final judgment. This appeal follows.

<u>Analysis</u>

The cardholder argues that the final judgment is void because the underlying default was entered without affording the cardholder the opportunity to be heard. We agree.

Whether a judgment is void is a question of law reviewed de novo. *See Infante v. Vantage Plus Corp.*, 27 So. 3d 678, 680 (Fla. 3d DCA 2009). "A judgment is void if, in the proceedings leading up to the judgment, there is [a] violation of the due process guarantee of notice and an opportunity to be heard." *Tannenbaum v. Shea*, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014) (internal quotations and citations omitted); *see also Viets v. Am. Recruiters Enterprises, Inc.*, 922 So. 2d 1090, 1096 (Fla. 4th DCA 2006) (a denial of due process "voids the default, and derivatively the default judgment."). If a judgment is void, a party is not required to demonstrate excusable neglect or a meritorious defense. *Mullne v. Sea-Tech Constr., Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012).

Here, the bank filed its motion for judicial default pursuant to rule 1.500(b) based on the cardholder's failure to file pleadings as required by law and by the circuit court's order directing the cardholder to file an answer within thirty days. Rule 1.500(b) provides that where, as here, a "party has filed or served any paper in the action, that party shall be served with notice of the application for default."

Florida courts, including this court, have held that where, as here, a defendant files substantive papers in the action, rule 1.500(b)'s notice requirement also requires a hearing. *See Yellow Jacket Marina, Inc. v. Paletti*, 670 So. 2d 170, 171 (Fla. 1st DCA 1996) (where the appellants "filed an answer to the original counterclaim and cross-claim and filed a motion for more definite statement following receipt of the amended counterclaim and cross-claim, . . . [the appellants were] entitl[ed] . . . to notice of the application for default and an opportunity to be heard thereon."); *Baleanu v. Sandulescu*, 78 So. 3d 98 (Fla. 4th DCA 2012) (where corporate defendant filed an answer but failed to appear with counsel at trial, this court held that a default for failure to defend "may not be entered . . . until the defendant is served with notice of the application for

---

[1] It is not clear from the record whether the cardholder attended this hearing, and no transcript was provided, but the cardholder does not make any arguments regarding the final default judgment hearing.

default and afforded an opportunity to explain."); *Zeigler v. Huston*, 626 So. 2d 1046, 1048 (Fla. 4th DCA 1993) ("[R]ule 1.500(b) requires notice and a hearing before entry of default against a party who has filed a paper in the action.") (citing *Okeechobee Ins. Agency, Inc. v. Barnett Bank of Palm Beach Cnty.*, 434 So. 2d 334 (Fla. 4th DCA 1983)).

Cases holding that no hearing on a motion for default is required when a party merely files a notice of appearance (*see Fierro v. Lewis*, 388 So. 2d 1361 (Fla. 5th DCA 1980) and *Picchi v. Barnett Bank of S. Florida, N.A.*, 521 So. 2d 1090, 1091-92 (Fla. 1988)) are factually distinguishable from this case, where the cardholder filed substantive papers before the motion for default was filed. *See Cardet v. Resolution Trust Corp.*, 563 So. 2d 167, 169 (Fla. 3d DCA 1990) (holding that "[o]nce a litigant has appeared and is actively defending the main claim, he or she is entitled to notice of all hearings, including hearings on a motion for default," and that *Picchi* "should be confined to the situation there specifically discussed"); *Pierce Hardy Ltd. P'ship v. Harrison Bros. Contracting, LLC*, 13 So. 3d 175, 177 (Fla. 5th DCA 2009) (*Picchi* "only held that Florida Rule of Civil Procedure 1.500(b) does not require a notice of hearing on a motion for default be served when the defending party has filed only a notice of appearance."); *Ziff v. Stuber*, 596 So. 2d 754, 755 (Fla. 4th DCA 1992) ("The filing of a nonresponsive 'paper' filed as a delaying tactic, such as a notice of appearance, is an abuse of process supporting a default entered by the court under subsection (b) of the rule [1.500] without notice of hearing."); *but see Mesones v. Jabbour*, 639 So. 2d 1000, 1002 and n.2 (Fla. 4th DCA 1994) (Glickstein, J., concurring) (explaining that *Picchi* was meant to deal with lawyers who engage in dilatory tactics, but stating that *Picchi*, sub silentio, overruled *Okeechobee*).

To the extent that the default here was entered against the cardholder as a sanction for her noncompliance with the circuit court's order directing her to file an answer, the cardholder was entitled to an opportunity to be heard and show that the noncompliance was not willful or in bad faith before the entry of the default. *See Clark v. Perlman*, 599 So. 2d 710 (Fla. 1st DCA 1992). In *Clark*, the defendant responded to the original complaint, but failed to comply with the trial court's order directing her to respond to the amended complaint. *Id* at 710. The plaintiff filed a motion for default without serving the defendant with the motion or notice of any scheduled hearing, and the trial court entered the default on the same day. *Id.* at 711-12. Thereafter, a hearing was set on the plaintiff's motion for final judgment after default, and the defendant moved to set aside the default the day before the hearing. *Id.* at 712. At the hearing, the trial court denied the motion to set aside the default, concluding that the defendant had failed to comply with the order and had failed to show good

cause or excusable neglect for the non-compliance. *Id.* The trial court entered the default judgment and the defendant appealed. *Id.*

On appeal, the First District held that because the defendant had responded to the original complaint, she had evidenced her intent to defend and, "under the liberal construction accorded rule 1.500(b), she was entitled to notice of the application for default, and an opportunity to be heard on the question of whether her failure to comply with the court's order was willful or in bad faith." *Id. See also Rice v. Raymond*, 17 So. 3d 1284, 1285 (Fla. 4th DCA 2009) (citing *Int'l Energy Corp. v. Hackett*, 687 So. 2d 941, 943 (Fla. 3d DCA 1997) ("even if the Uniform [pre-trial] Order had specifically listed default as a possible sanction for noncompliance, notice and opportunity to be heard must still be given to the defending party for a determination of whether the noncompliance was willful or in bad faith."); *Neder v. Greyhound Fin. Corp.*, 592 So. 2d 1218, 1218 (Fla. 1st DCA 1992) ("Florida courts have previously held that the trial court may not enter a default judgment for violation of a discovery order without notice and an opportunity to be heard on the question of whether the failure was willful or in bad faith.").

Conclusion

"[T]he purpose of the [default] rule is to speed the action toward conclusion on the merits where possible, not to expedite litigation by ex parte actions and surprise. Further, [r]easonable doubts are resolved in favor of granting the application and permitting trial upon the merits." *Cardet*, 563 So. 2d at 168 (internal citations and quotations omitted). Here, the judicial default was entered without first affording the cardholder the required opportunity to be heard under rule 1.500(b); thus the default, and derivatively the final judgment, is void. *Viets*, 922 So. 2d at 1096. Accordingly, we reverse the final judgment and remand for a noticed hearing on the bank's motion for default.

*Reversed and remanded.*

CIKLIN, C.J., GERBER and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4