DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GIGI CRUZ,**
Appellant,

v.

**THE VINEYARDS OF PLANTATION, CONDOMINIUM ASSOCIATION, INC.,** a Florida not-for-profit corporation,
Appellee.

No. 4D17-366

[August 23, 2017]

Appeal of non-final orders from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. CACE-16-000625.

Bruce Botsford of Bruce Botsford, P.A., Fort Lauderdale, for appellant.

Ilian Rashtanov of The Rashtanov Law Firm, P.L., Fort Lauderdale, for appellee.

PER CURIAM.

The trial court denied appellant's motion to vacate a final summary judgment that foreclosed a condominium lien. We exercise de novo review and reverse because appellant was denied proper service of the notice of the final hearing. *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015). Appellee did not give the pro se appellant notice and an opportunity to be heard at the summary judgment hearing because it did not serve the notice of hearing by e-mail *and* physical mail as required by a prior court order.

A previous order granting appellant's counsel's motion to withdraw provided that all papers or other filings were to be served on appellant at a stated physical mailing address and an e-mail address. This dual service was to accommodate appellant's work-related travel requirements. The trial court also stayed the case to allow appellant time to obtain new counsel.

Appellant did not retain new counsel and about a month after the stay expired, appellee served appellant with a notice of hearing on the motion for summary judgment by regular and certified mail. Appellee did not serve the notice by e-mail as required by the withdrawal order.

Appellant did not appear at the hearing and the trial court entered the final summary judgment. About a month later appellant moved to set the judgment aside, noting that she was not served by email, that she was out of town when the notice was mailed, and that she did not return until after the hearing. There was no dispute that the certified mailing was returned as undelivered.

Appellant argued that the final judgment was void for lack of service and/or that it was entered upon mistake, inadvertence, surprise or excusable neglect. Fla. R. Civ. P. 1.540. The trial court denied appellant's motion, commenting that appellant failed to demonstrate excusable neglect or a meritorious defense. Neither is required because the judgment was entered without proper notice, thereby denying appellant due process. *Hendrix v. Dep't Stores Nat'l Bank*, 177 So. 3d 288, 290 (Fla. 4th DCA 2015). Here, appellee failed to comply with the court's order that required all papers or other filings to be served on appellant at a stated physical mailing address and an e-mail address. Thus, we reverse the order denying the motion to vacate and remand for the trial court to vacate the final summary judgment.

*Reversed and remanded.*

WARNER, MAY and LEVINE, JJ., concur.

\* \* \*

**_Not final until disposition of timely filed motion for rehearing._**