# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1807
Lower Tribunal No. 16-26291
_____

**William H. Evans, Jr.,**
Petitioner,

vs.

**Ryan Shapiro, et al.,**
Respondents.

A Case of Original Jurisdiction -- Mandamus.

William H. Evans, Jr., in proper person.

Law Offices of Jonathan A. Heller, P.A., and Jonathan A. Heller, for respondents.

Before SUAREZ, SALTER, and SCALES, JJ.

PER CURIAM.

Petitioner, plaintiff below, seeks a writ of mandamus compelling: (i) the clerk of the lower court to enter a default, and (ii) the trial court to enter a default judgment, both against those defendants who were served with petitioner's complaint in late December 2016.[1]

While the trial court docket reveals that petitioner filed his motion for default and default judgment on February 13, 2017, the defendants filed a motion to dismiss three days later, on February 16, 2017.[2]  The defendants' filing of this February 16, 2017 motion to dismiss—prior to the clerk entering any default—precludes the clerk from entering a default. See Fla. R. Civ. P. 1.500(c) ("A party may plead or otherwise defend at any time before default is entered."); Carder v. Pelican Cove W. Homeowners Ass'n, Inc., 595 So. 2d 174, 175 (Fla. 5th DCA 1992) ("The filing of the motion to dismiss precludes any subsequent entry of default in respect to any complaint pending at that time.").

Mandamus relief is therefore improper here.  See Dep't of Health & Rehab. Servs. v. Hartsfield, 399 So. 2d 1019, 1020 (Fla. 1st DCA 1981) ("In order to show entitlement to the extraordinary writ of mandamus, the petitioner must demonstrate

---

[1] Petitioner initially filed this petition in the Florida Supreme Court, which, pursuant to Harvard v. Singletary, 733 So. 2d 1020 (Fla. 1999), transferred the petition to this Court.

[2]  The lower court docket also reveals that petitioner filed a response to the defendants' motion to dismiss on February 28, 2017.

a clear legal right on his part, an indisputable legal duty on the part of the respondents, and that no other adequate remedy exists.").

Petition denied.