DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMY FARIELLO HANSEN** and **DONALD F. HANSEN,**
Appellants,

v.

**MDLV, LLC** d/b/a **ONE SOTHEBY'S INTERNATIONAL REALTY** and
**THOMAS BOOTHE,**
Appellees.

No. 4D22-397

[November 2, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank Castor, Judge; L.T. Case No. 50-2021-CC-005885-XXXX-MB.

Robin F. Hazel of Hazel Law, P.A., Hollywood, for appellants.

Christine Cohen and Steven Serle of The Law Offices of Steven Serle, P.A., Boca Raton, for appellee Thomas Boothe.

DAMOORGIAN, J.

Appellants, Amy and Donald Hansen ("Sellers"), appeal the final order denying their verified motion to set aside judicial default. The judicial default and subsequent default final judgment were entered against Sellers for failure to respond to Appellee, Thomas Boothe's ("Buyer"), amended crossclaim. We reverse because, despite Sellers having actively defended the suit, the trial court failed to provide Sellers an opportunity to be heard before entry of the judicial default or default final judgment.

The underlying action arose out of a dispute over the parties' respective claims to a deposit that Buyer tendered under the terms of a real estate contract. Relevant to this appeal are the actions taken by Sellers' attorney after the escrow agent holding the deposit filed an interpleader action in the county court. In the ensuing litigation, Buyer filed his answer to the interpleader action as well as a crossclaim against Sellers for the return of his deposit. In response, Sellers' attorney filed a notice of appearance and moved for enlargement of time to respond to the outstanding claims. Thereafter, the parties' attorneys engaged in significant communication

regarding discovery and other pre-trial matters. Notably, Sellers and the escrow agent separately moved to dismiss Buyer's crossclaim. After a hearing on the escrow agent's motion, Buyer's crossclaim was dismissed with leave to amend. In due course, Buyer timely served his amended crossclaim on Sellers' attorney.

Twenty-seven days later, after Sellers failed to file a motion or responsive pleading to the amended crossclaim, Buyer filed and served on Sellers' attorney a motion for judicial default pursuant to Florida Rule of Civil Procedure 1.500(b). Within three hours of the filing of Buyer's motion and without further notice, the trial court entered the order granting Buyer's motion. The following day, Buyer filed and served a motion for entry of default final judgment. Less than one hour later, Sellers filed a verified motion to set aside judicial default. Notwithstanding Sellers' pending motion, the trial court entered the default final judgment that same day. Ultimately, a hearing was held on Sellers' motion to set aside the judicial default. During the hearing, Sellers' attorney averred he failed to file the response to the crossclaim because of "excusable mistake, mis-calendaring." Sellers also argued that because they had actively participated in the litigation, they were entitled to a hearing before entry of judicial default and default final judgment. The court denied the motion, concluding "[t]he Motion fail[ed] to allege sufficient facts to establish excusable neglect for failing to file an answer or responsive pleading to the Amended Crossclaim." This appeal follows.

On appeal, Sellers argue that because they actively defended and participated in the litigation, rule 1.500(b) required the trial court to properly notice and hold a hearing on Buyer's motion for judicial default before entering the default. Consequently, Sellers argue the default and resulting final judgment are void. We agree.

Florida Rule of Civil Procedure 1.500(b) provides that where a "party has filed or served any document in the action, that party must be served with notice of the application for default." In *Hendrix v. Department Stores National Bank*, this Court clarified that where a party "files *substantive papers* in the action, rule 1.500(b)'s notice requirement also requires a hearing." 177 So. 3d 288, 290 (Fla. 4th DCA 2015) (emphasis added). We further held the failure to conduct the required hearing renders the default, and derivatively the default final judgment, void. *Id.* at 291. In so holding, we distinguished *Fierro v. Lewis*, 388 So. 2d 1361 (Fla. 5th DCA 1980) and *Picchi v. Barnett Bank of South Florida, N.A.*, 521 So. 2d 1090 (Fla. 1988), which held that no hearing on a motion for default is required when a party files only a notice of appearance, noting those cases "are factually distinguishable from this case, where the [defendant] filed

2

substantive papers before the motion for default was filed." *Id.* at 290; *see also Cardet v. Resol. Tr. Corp.*, 563 So. 2d 167, 169 (Fla. 3d DCA 1990) (concluding "*Picchi* should be confined to the situation there specifically discussed," namely to situations where a notice of appearance is filed for purposes of delay).

Here, as in *Hendrix*, Sellers filed substantive papers before the motion for default was filed, including a motion to dismiss Buyer's original crossclaim. Moreover, the record reflects the parties engaged in significant communication regarding discovery and other pre-trial matters. Accordingly, Sellers were entitled to a hearing and the opportunity to be heard before entry of the default. *See Hendrix*, 177 So. 3d at 291 (because the defendant filed substantive papers, namely a motion to dismiss, the trial court was required to conduct a hearing on the plaintiff's motion for judicial default); *see also Clark v. Perlman*, 599 So. 2d 710, 712 (Fla. 1st DCA 1992) (by responding to the original complaint, defendant evidenced her intent to defend and, "under the liberal construction accorded rule 1.500(b), she was entitled to notice of the application for default, and an opportunity to be heard . . . ."). As "the judicial default was entered without first affording [Sellers] the required opportunity to be heard under rule 1.500(b)[,] . . . the default, and derivatively the final judgment, is void." *Hendrix*, 177 So. 3d at 291.

Based upon the foregoing, we reverse and remand for a hearing on Buyer's motion for judicial default. *See id.* (remanding for noticed hearing on motion for default, and remarking the purpose of the default rule is to expedite litigation towards conclusion on the merits); *Cano v. Cano*, 321 So. 3d 237, 238 (Fla. 4th DCA 2021) ("Where a default has been improperly entered, the resulting final judgment must be set aside regardless of whether the defendant has established excusable neglect or a meritorious defense."); *see also* Fla. R. Civ. P. 1.500(c) ("A party may plead or otherwise defend at any time before default is entered."); *Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1269 (Fla. 4th DCA 2020) ("Under the plain language of Florida Rule of Civil Procedure 1.500(c), an answer filed prior to entry of default precludes the entry of default final judgment.").

*Reversed and remanded.*

GROSS and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**