DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**MULAIRE ANDRE** and **CHARMAINE ANDRE,**
Appellees.

No. 4D2022-2680

[January 17, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Ellen Feld, and Kal Evans, Judges; L.T. Case No. COWE20-009344.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellant.

Garrett S. Elsinger of The Mineo Salcedo Law Firm, P.A., Davie, for appellees.

GERBER, J.

The insurer appeals from two county court orders: (1) the predecessor court's sua sponte order entering a default against the insurer based on the insurer's counsel's failure to appear for a case management conference occurring after the insurer had filed its answer and affirmative defenses; and (2) the second successor court's order denying the insurer's amended motion to set aside the default and a later-entered default judgment as to liability against the insurer.

The insurer primarily argues both orders are void because the predecessor court sua sponte had entered the default against the insurer without providing the insurer with an opportunity to be heard as to why the insurer's counsel failed to appear at the case management conference. The insurer alternatively argues that the second successor court erred in denying the insurer's amended motion to set aside the default and default judgment because the insurer's amended motion satisfied the elements of due diligence, excusable neglect, and a meritorious defense.

We conclude the insurer's primary argument and alternative argument are both meritorious. Therefore, we reverse and remand for the second successor court to grant the insurer's amended motion to set aside the default and default judgment as to liability against the insurer.

On the insurer's primary argument, our standard of review is guided by our opinion in *Hendrix v. Department Stores National Bank*, 177 So. 3d 288 (Fla. 4th DCA 2015):

> Whether a judgment is void is a question of law reviewed de novo. A judgment is void if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard. If a judgment is void, a party is not required to demonstrate excusable neglect or a meritorious defense.
>
> ... [Florida] Rule [of Civil Procedure]1.500(b) provides that where, as here, a "party has filed or served any paper in the action, that party shall be served with notice of the application for default."
>
> Florida courts, including this court, have held that where, as here, a defendant files substantive papers in the action, rule 1.500(b)'s notice requirement also requires a hearing.

*Id.* at 290 (internal brackets, citations, and some quotation marks omitted).

Here, to the extent the predecessor court sua sponte had entered a default against the insurer due to the insurer's counsel's failure to appear for the case management conference, the insurer was entitled to an opportunity to be heard as to why the noncompliance was not willful or in bad faith before the default's entry. *See Int'l Energy Corp. v. Hackett*, 687 So. 2d 941, 943 (Fla. 3d DCA 1997) ("[E]ven if the Uniform [Pre-Trial] Order had specifically listed default as a possible sanction for noncompliance, notice and opportunity to be heard must still be given to the defending party for a determination of whether the noncompliance was willful or in bad faith."). Thus, because the predecessor court did not provide the insurer with an opportunity to be heard, the predecessor court's default, and the first successor court's default judgment, were void for lack of due process.

The insurer's alternative argument, for which we apply an abuse of discretion standard of review, is equally meritorious, because the insurer's

2

amended motion to set aside the default and default judgment satisfied the elements of due diligence, excusable neglect, and a meritorious defense. *See Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 265 (Fla. 4th DCA 2013) ("[W]e review an order denying a motion to vacate a default for an abuse of discretion."); *Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 953 (Fla. 4th DCA 2014) ("A trial court's determination on a motion for relief from judgment is reviewed for an abuse of discretion.") (citation omitted); *Wolf v. Peter M. Habashy, P.A.*, 361 So. 3d 379, 381 (Fla. 4th DCA 2023) ("To set aside a default final judgment, the trial court must find excusable neglect, a meritorious defense, and due diligence in seeking relief.").

First, only five days after the first successor court entered the final judgment against the insurer, the insurer filed its motion (later amended) to set aside the default and default judgment, thus satisfying the due diligence element. *Wolf*, 361 So. 3d at at 382 ("[A]ppellants filed their motion within six days of the default final judgment. This shows due diligence.").

Second, the insurer's amended motion contained its counsel's sworn statements establishing that his failure to attend the case management conference was due to a calendaring error. The insurer's amended motion also included the legal assistant's affidavit, in which she swore that she inadvertently had not added the case management conference to the insurer's counsel's calendar. These sworn statements satisfied the excusable neglect element. *See Elliott v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) ("Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'" (quoting *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985))).

Third, it is uncontroverted that before the predecessor court sua sponte entered the default against the insurer, the insurer had filed its answer containing facially meritorious defenses, thus satisfying that element.

We recognize that county courts must manage dockets with hundreds of insurance cases, some of which are delayed due to counsel's failure on both sides to abide by case management orders. Here, however, the entry of a default and default judgment in a meritoriously-defended action due to counsel's excusable neglect unfairly punished the insurer for conduct in which it did not participate. Thus, we reverse and remand for the second successor court to grant the insurer's amended motion to set aside the default and default judgment as to liability against the insurer.

3

*Reversed and remanded for proceedings consistent with this opinion.*

DAMOORGIAN and LEVINE, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**